United States Court of Appeals,

Fifth Circuit.

No. 91–4399.

MONSANTO COMPANY, Petitioner,

v.

FEDERAL ENERGY REGULATORY COMMISSION, Respondent.

June 26, 1992.

Petition for Review of an Order of the Federal Energy Regulatory Commission.

Before JOHNSON, DAVIS, and SMITH, Circuit Judges.

PER CURIAM:

Petitioner seeks review of the Federal Energy Regulatory Commission's decision to retain petitioner's filing fee for a certificate of convenience and necessity. We hold that the Commission had authority to retain the filing fee. We therefore deny the petition.

I.

We summarize only those facts necessary to this petition. A more detailed factual predicate to this controversy is found in our previous decision, *Florida Gas Transmission Co. v. FERC,* 876 F.2d 42 (5th Cir.1989). In July 1987, the Federal Energy Regulatory Commission (FERC or Commission) authorized Florida Gas Transmission Company to provide interruptible transportation service to petitioner Monsanto Company under section 7(c) of the Natural Gas Act. 40 FERC ¶ 62,104 (1987). Although Florida Gas had applied for a five-year authorization, FERC acted pursuant to a fixed policy and authorized the transportation service for one year or until Florida Gas accepted a blanket "open access" transportation certificate under 18 C.F.R. § 284.221 (whichever occurs first). Florida Gas appealed the Commission's standing policy of granting only one-year individual certificates of convenience and necessity. *Florida Gas,* 876 F.2d 42.

While that appeal was pending before this court, Florida Gas twice renewed its certificate with

the Commission. On May 27, 1988, Florida Gas filed an application to renew its service for Monsanto and to increase the volume of gas it was entitled to transport on behalf of Monsanto. The Commission issued the requested certificate on January 17, 1989 with another one-year expiration attached. 46 FERC ¶ 61,028 (1989). Monsanto does not contest the fee associated with this filing. On April 27, 1989, Florida Gas again applied to renew its certificate to serve Monsanto. Florida Gas paid the required filing fee of $19,450 under protest pending the outcome of its appeal. The Commission granted Florida Gas's certificate on September 18, 1989, with another one-year limitation. 48 FERC ¶ 62,206 (1989).

About a month before the Commission issued its September 1989 order, our mandate issued in *Florida Gas*. We vacated the Commission's application to Florida Gas of its standing one-year limitation policy because it had not "substantiated its policy to limit individual certification to one year in this case." *Florida Gas,* 876 F.2d at 44. We remanded the case back to the Commission for further consideration in light of our opinion. On December 20, 1989, the Commission issued its order addressing the remand from this court. 49 FERC ¶ 61,375 (1989). In that December 1989 order the Commission attempted to more fully explain why it applied the one-year limitation policy to Florida Gas.

Monsanto intervened in the Florida Gas proceedings because it was contractually obligated to reimburse Florida Gas for all filing fees associated with certificate applications. Florida Gas and Monsanto both appealed to the Commission to reconsider its September 1989 order limiting the certificate to a one-year term in light of our *Florida Gas* decision. Monsanto also sought a refund of the filing fee associated with the April 1989 application. The Commission denied the appeal and the request for a refund in January 1990. 50 FERC ¶ 61,082 (1990). In March 1991, the Commission denied rehearing of its December 1989 and January 1990 orders. 54 FERC ¶ 61,305 (1991). Monsanto timely appealed to this court.

## II.

### A.

We briefly address our jurisdiction. FERC contends that the current controversy is moot because Florida Gas accepted a blanket certificate on July 16, 1990. We agree with Monsanto that the issue of refunding application fees is not moot. As FERC itself recognizes, to "invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400, 410 (1990). Monsanto claims that it suffered an injury by virtue of its loss of $19,450 when FERC arbitrarily and capriciously demanded an application fee on April 27, 1989. The fact that Florida Gas has now accepted a blanket certificate means only that no future annual applications are necessary. Such acceptance, however, does not render moot the question of whether FERC was entitled to retain the application fee paid in April 1989. Monsanto's appeal is not moot, and we now turn to the merits of its petition.

### B.

The narrow issue before us is whether Monsanto is entitled to a refund of $19,450 associated with Florida Gas's April 1989 application for renewal of its certificate. We will reverse FERC's order refusing to refund Monsanto's application fee only if that decision is "arbitrary, capricious, or otherwise not in accordance with law." *Florida Gas,* 876 F.2d at 44; 5 U.S.C. § 706(2).

Monsanto claims that our decision in *Florida Gas* vacating FERC's one-year limitation on individual certificates means that FERC was forbidden from further enforcing its one-year policy and collecting any application fees associated with that policy. FERC responds that it has rehabilitated its term limitation policy and, accordingly, is entitled to retain application fees associated with that policy. We agree with FERC.

We did not hold in *Florida Gas* that FERC's policy of one-year limitations on individual

certificates could never be applied to Florida Gas. Rather, we held that FERC had deprived Florida Gas of due process by not *substantiating* its standing policy with respect to Florida Gas. *Florida Gas,* 876 F.2d at 44, 45. The Commission's original orders had simply stated that the Commission was applying a standing, prophylactic rule of limiting individual certificates to one-year terms. We held that "FERC must be able to substantiate the general rule" with respect to Florida Gas so that the affected parties might be allowed to challenge the basis of the rule. *Id.* at 44. We faulted FERC for failing to substantiate "either through the development of specific facts or by making a reasoned explanation." *Id.* at 45.

In its December 1989 order, FERC provided a more reasoned explanation of its decision to apply the general policy to Florida Gas. First, the Commission stated that annual review is "particularly appropriate where allegations of undue discrimination have been raised against a company." 49 FERC ¶ 61,375 at 62,370. The Commission found that such an allegation had been raised by Peoples Gas System Inc. (Peoples), a Florida Gas customer, in December 1986 with respect to service for Monsanto. Although Peoples withdrew the protest in April 1987, the Commission felt that "such allegations [are] grounds for proceeding cautiously as to individual certificate applications." *Id.*

Additional protests were lodged against Florida Gas in July 1988 and August 1989 by various parties. Monsanto points out that these protests were in other dockets, not involving service to Monsanto. But FERC is charged with regulating pipeline companies such as Florida Gas. If complaints have been lodged concerning Florida Gas's allegedly discriminatory conduct toward other customers, the Commission does not act arbitrarily or capriciously by deciding to proceed cautiously with all of Florida Gas's individual certificates, including those of Monsanto.

The Commission also explained that it wanted to review annually Florida Gas's certificate because of the "degree of control over access to specific markets enjoyed by Florida Gas." *Id.* at

62,371. Florida Gas is the only interstate pipeline serving the state of Florida. *Id.* The certificates at issue involved interstate service for Monsanto. We conclude that it was not arbitrary or capricious for the Commission to consider the structure of Florida Gas's system when issuing the certificates.

Finally, the Commission stated in its December order that annual scrutiny was warranted because of Florida Gas's multi-year restructuring. This restructuring involved lengthy negotiations between Florida Gas and its customers. The Commission noted that in the preceding five years, "in the various proceedings involved in this restructuring, intervenors have been concerned with perceived inequities in Florida Gas' existing or proposed transportation system." *Id.* at 62,371. This restructuring process was still active in April 1989, the time of the renewal in question. Given this fact, it was not arbitrary or capricious for the Commission to tread cautiously by granting transportation certificates of limited duration.

Monsanto urges us to consider the propriety of FERC's one-year limitation policy, the inequities of its enforcement, and the harm that its enforcement has caused Monsanto. We decline to do so. Monsanto has simply appealed the lawfulness of FERC's retention of the filing fee associated with the April 1989 application in light of our holding in *Florida Gas*. As we already explained, our holding in *Florida Gas* was that FERC had violated Florida Gas's due process rights by failing to substantiate its policy with respect to Florida Gas, not that the policy was arbitrary per se. The Commission's December 1989 order explains its decision in a non-arbitrary way and rehabilitates its decision to limit Florida Gas's certificates to a single year's duration. We conclude that this decision, therefore, is not arbitrary or capricious. Because the decision to impose one-year limits is not arbitrary or capricious, it follows that the decision to retain filing fees associated with annual applications is not arbitrary or capricious either. Accordingly, the petition for review of FERC's orders is

DENIED.