**In re The CAREAU GROUP, dba Julius Goldman's Egg City, Debtor.**

**The CAREAU GROUP, dba Julius Goldman's Egg City, Plaintiff–Appellee,**

**v.**

**JUAN DE LA CRUZ FARM WORKERS PENSION FUND; Robert F. Kennedy Farm Workers Medical Plan, Defendants–Appellants.**

**No. 89–56040.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 9, 1990.

Decided Jan. 15, 1991.

George C. Lazar, Lindley, Lazar & Scales, San Diego, Cal., for defendants-appellants.

Steven J. Lee, Sulmeyer, Kupetz, Baumann & Rothman, Los Angeles, Cal., and Robert P. Roy, Oxnard, Cal., for plaintiff-appellee.

Before NORRIS, HALL and RYMER, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

The Juan De La Cruz Farm Workers Pension Fund and the Robert F. Kennedy Farm Workers Medical Plan ("Trust Funds") appeal the district court's decision to uphold the bankruptcy court's dismissal of their claims for unpaid pension fund contributions against The Careau Group, dba Julius Goldman's Egg City ("Egg City"). The bankruptcy court found that it lacked subject matter jurisdiction to hear the Trust Funds' claims. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We reverse and remand to the bankruptcy court.

I

Egg City owns and operates a large egg ranch, employing both "agricultural" and "commercial" workers as defined in the National Labor Relations Act. 29 U.S.C. § 152(3). The Trust Funds are funds set up to pay benefits to agricultural workers. Egg City was a party to a collective bargaining agreement with the United Farm Workers of America which required Egg City, among other things, to make contributions to the Trust Funds on behalf of its agricultural employees.

The collective bargaining agreement expired on September 1, 1985. Nonetheless, Egg City continued to make contributions to the Trust Funds pursuant to Cal.Lab. Code § 1155.2(a) (West 1989). It stopped making these contributions in April 1986, claiming that negotiations had reached an impasse. On May 9, 1986 Egg City filed for bankruptcy under Chapter 11.

The Trust Funds filed claims in bankruptcy court seeking to recover the unpaid pension contributions for the months of April and May 1986. Egg City brought a motion to dismiss the Trust Funds' claims. In October 1988, the bankruptcy court granted Egg City's motion and dismissed the Trust Funds' claims on the ground that it lacked subject matter jurisdiction because the resolution of the claims involved a determination of whether Egg City had committed an unfair labor practice. The district court affirmed the bankruptcy court's decision. This appeal followed.

II

■ We review the bankruptcy court's decision independently. *Matter of Pizza of Hawaii*, 761 F.2d 1374, 1377 (9th Cir.1985) ("Because we are in as good a position as the district court to review the findings of the bankruptcy court, we independently review the bankruptcy court's decision."). As only legal issues are involved in this appeal, our review is de novo. *Id.*

■ Both the bankruptcy court and the district court accepted Egg City's argument that the bankruptcy court lacked jurisdiction to determine the Trust Funds' claims because either the National Labor Relations Board ("NLRB") or the California Agricultural Labor Relations Board ("ALRB") had exclusive jurisdiction over unfair labor practice charges. This argument, however, rests on decisions in which federal courts refused to decide cases involving issues that fell within the exclusive jurisdiction of the NLRB.[1] Both Egg City

1. Egg City's argument relies primarily on a series of Supreme Court decisions delinating the jurisdictional boundary between the federal courts and the NLRB. In *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245, 79 S.Ct. 773, 779, 3 L.Ed.2d 775 (1959), the United States Supreme Court held that federal courts generally lack jurisdiction to hear unfair labor practice charges and must defer to the NLRB. In the bankruptcy context, the Court stated that the general principles of deferring to the special expertise of the NLRB generally apply. *Nathanson v. National Labor Relations Bd.*, 344 U.S. 25, 30, 73 S.Ct. 80, 83, 97 L.Ed. 23 (1952). In that decision, the Court held that bankruptcy courts should stay their proceedings to allow the NLRB a reasonable opportunity to proscribe remedies for unfair labor practices. *Id.*

Recently, the Supreme Court held that ERISA does not give federal courts jurisdiction to hear unfair labor practice charges stemming from an employer's failure to pay contributions due after a labor contract has expired. *Laborers Health and Welfare Trust Fund for Northern California v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 549, 108 S.Ct. 830, 836, 98 L.Ed.2d 936 (1988). Instead, the pension funds must bring an unfair labor practice charge with the NLRB. *Id.* at 552, 108 S.Ct. at 837.

Relying on Cal.Lab.Code § 1148 (West 1989), which requires the ALRB to follow NLRB precedent, Egg City argues that the Supreme Court's

and the lower courts overlooked the fact that the Supremacy Clause of the United States Constitution prevents a state from enacting laws that enable a state agency, such as the ALRB, to supersede a federal court's jurisdiction. Therefore, the cases cited by Egg City are not directly analogous to the present situation.

■ The United States Constitution granted Congress the power to establish laws regulating bankruptcy. U.S. Const., art. I, § 8, cl. 4. Congress exercised this power by enacting 28 U.S.C. § 1334. Section 1334(b) gives district courts original jurisdiction over civil proceedings arising under Title 11, or arising in or related to cases under Title 11. The district court, in turn, may refer these cases to bankruptcy judges pursuant to 28 U.S.C. § 157(a). These cases include matters involving the application of state law. Although bankruptcy courts may decline to hear a case involving state law in favor of an appropriate state tribunal, 28 U.S.C. § 1334(c), because of the Supremacy Clause a state legislature cannot eliminate federal subject matter jurisdiction.

■ The source of the lower courts' confusion appears to stem from the relationship between the NLRB and the ALRB. In the National Labor Relations Act, Congress granted the NLRB the exclusive jurisdiction to remedy unfair labor practices. 29 U.S.C. § 160(a). The Supreme Court has upheld this jurisdictional grant. *San Diego Bldg. Trades Council v. Garmon,* 359 U.S. 236, 245, 79 S.Ct. 773, 779, 3 L.Ed.2d 775 (1959) ("When an activity is arguably subject to § 7 or § 8 of the Act, . . . the federal courts must defer to the exclusive competence of the National Labor Relations Board. . . ."). The National Labor Relations Act, however, does not govern this dispute between Egg City and the Trust Funds because the employees involved are classified as agricultural.[2] Agricultural employees are not covered by the

provisions of the National Labor Relations Act. 29 U.S.C. § 152(3). Instead, they are subject to the California Agricultural Labor Relations Act. Cal.Lab.Code § 1140.4(b) (West 1989).

Thus, Congress' grant of exclusive jurisdiction to the NLRB is not applicable to this situation. Moreover, although Cal. Lab.Code § 1148 directs the ALRB to follow applicable NLRB precedent, this provision does not give the ALRB the congressional grant of exclusive jurisdiction held by the NLRB. Contrary to the bankruptcy court's finding, it is not possible for the ALRB, as a state agency, to usurp the federal bankruptcy court's subject matter jurisdiction over claims filed in bankruptcy court. Thus, the bankruptcy court's dismissal of the Trust Funds' claims for lack of jurisdiction was incorrect.

### III

On remand, the bankruptcy court should consider whether it must abstain in favor of the ALRB pursuant to 28 U.S.C. § 1334(c)(2). If the mandatory abstention provision is not applicable, the bankruptcy court may voluntarily abstain if it determines that "it is in the interest of justice, or in the interest of comity with State courts, or respect for State law." 28 U.S.C. § 1334(c)(1).

### IV

Egg City has asked us to impose sanctions and double costs on the Trust Funds pursuant to Fed.R.App.P. 38 for bringing a frivolous appeal. "An appeal is frivolous if the result is obvious or the arguments of error are wholly without merit." *In re Universal Farming Indus.,* 873 F.2d 1334, 1337 (9th Cir.1989). Because we conclude that the bankruptcy court incorrectly dismissed the Trust Funds' claims, this appeal cannot be considered frivolous. Therefore, Egg City's request is denied.

decisions regarding deferral to the NLRB should be applied to the ALRB. Therefore, Egg City reasons, the bankruptcy court should dismiss the Trust Funds' claims in favor of either the NLRB or the ALRB.

2. Both parties agree that the collective bargaining agreement required Egg City to make contributions to the Trust Funds on behalf of its agricultural employees.

The Trust Funds argue that they are entitled to their attorneys fees pursuant to 29 U.S.C. § 1132(g)(1). This issue is raised for the first time on appeal. Generally, this Court will not consider arguments that are not properly raised in the lower court. *In re Fegert, Inc.*, 887 F.2d 955, 957 (9th Cir.1989).

Further, the Trust Funds have not established that Egg City is liable for the pension fund contributions they are seeking. As such, we deny the Trust Funds' request for attorneys fees without prejudice.

REVERSED AND REMANDED