955 F.2d 47
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Roger W. KNIGHT, Debtor,
Roger W. KNIGHT, Plaintiff-Appellant,
v.
WASHINGTON DEPARTMENT OF SOCIAL AND HEALTH SERVICES,
Defendant-Appellee.
and
US Bancorp; Roxanne Knight, Defendants.
 No. 91-35485.
 United States Court of Appeals, Ninth Circuit.*
 Submitted Feb. 13, 1992.
Decided Feb. 18, 1992.
 
 Before CANBY, WILLIAM A. NORRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roger W. Knight appeals pro se the Bankruptcy Appellate Panel's ("BAP") dismissal of his appeal from the bankruptcy court's order granting relief from the automatic stay of 11 U.S.C. § 362(a) to Washington Department of Social and Health Services ("DSHS"). The BAP found that Knight's appeal was moot because the underlying Chapter 13 petition had been dismissed. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and affirm in part, vacate in part, and remand.
 
 
 3
 We review de novo the legal conclusions of the bankruptcy court and the BAP. Cimarron Investors v. WYID Properties (In re Cimarron Investors), 848 F.2d 974, 975 (9th Cir.1988). Generally, the dismissal of the bankruptcy petition will moot a pending appeal of an issue directly involving the debtor's reorganization. Spacek v. Thomen (In re Universal Farming Indus.), 873 F.2d 1334, 1335 (9th Cir.1989); Armel Laminates, Inc. v. Lomas & Nettleton Co. (In re Income Property Builders, Inc.), 699 F.2d 963, 964 (9th Cir.1982). Once the underlying bankruptcy has been dismissed, this court cannot grant effective relief and must dismiss the appeal as moot. See Cook v. Fletcher (In re Cook), 730 F.2d 1324, 1326 (9th Cir.1984) (this court has no jurisdiction to hear a case when subsequent events have occurred which prevent it from granting effective relief).
 
 
 4
 Here, the bankruptcy court granted DSHS relief from section 362(a)'s automatic stay provision on December 3, 1990, and Knight filed a timely notice of appeal from that order on December 10, 1990. On January 29, 1991, the bankruptcy court dismissed Knight's Chapter 13 petition, and Knight filed an "Amended Notice of Appeal" from the "Findings of Fact, Conclusions of Law, and Order Dismissing Chapter 13 Action and Granting Other Relief." On May 6, the BAP dismissed Knight's appeal from the order granting DSHS relief from the stay as moot. On May 14, 1991, Knight filed a notice of appeal to this court.[1]
 
 
 5
 The BAP correctly dismissed Knight's appeal from the bankruptcy court's order granting DSHS relief from the automatic stay of section 362 as moot. The dismissal of the bankruptcy petition terminates the automatic stay of section 362(a). 11 U.S.C. § 362(c)(2)(B). Because the underlying bankruptcy had been dismissed, the BAP could not grant Knight effective relief. See In re Universal Farming Indus., 873 F.2d at 1335.
 
 
 6
 Knight contends that he timely appealed the bankruptcy court's dismissal of his Chapter 13 petition and the BAP failed to address this claim. Because Knight was proceeding pro se, the BAP should have considered whether Knight's "Amended Notice of Appeal" could be construed as a new notice of appeal from the bankruptcy court's dismissal of the chapter 13 petition. See Hollywood v. City of Santa Maria, 886 F.2d 1228, 1232 (9th Cir.1989) (lenient standard applies to determine whether pro se appellant's document constitutes notice of appeal). Accordingly, we vacate and remand to the BAP for consideration of whether Knight's "Amended Notice of Appeal" should be construed as a notice of appeal from the bankruptcy court's dismissal of his Chapter 13 petition.
 
 
 7
 AFFIRMED in part, VACATED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Knight filed motions for stay pending appeal with the bankruptcy court, the BAP, and this court. Knight's motions were all denied