9 F.3d 1552
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brian L. MORGAN, Plaintiff-Appellant,
v.
Carolyn HARDEN, Store Director of the Division; Fred Meyer,
Inc., KK & K, Inc., Defendants-Appellees.
 No. 93-35056.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1993.*
Decided Oct. 25, 1993.
 
 Before: CHOY, GOODWIN and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brian L. Morgan appeals pro se a judgment pursuant to 28 U.S.C. § 1915(d) dismissing as frivolous his action for damages for loss of employment at a Fred Meyer store. The judgment is affirmed.
 
 
 3
 Morgan contends that the district court should not have dismissed his complaint sua sponte before service of process. This circuit has imposed limits on the dismissal of pro se actions before service of process. See, e.g., McKeever v. Block, 932 F.2d 795, 798, (9th Cir.1991). However, when a plaintiff continues to file amended complaints that have no arguable basis in law, even under the liberal construction afforded pro se litigants, the court has the duty to dismiss the action as frivolous and to protect the defendants from further time and money wasting returns to court. Denton v. Hernandez, --- U.S. ----, 112 S.Ct. 1728, 1730-31 (1992).
 
 
 4
 Under section 1915(d), a complaint is frivolous if it "lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Dismissal was required in this case because the allegations in Morgan's complaints had no arguable basis in law.
 
 
 5
 He had no 42 U.S.C. § 1983 cause of action because he failed to allege the essential element that the defendants acted under color of state law. The facts he did allege cannot be construed to supply the deficiency. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir.1989), cert. denied, 493 U.S. 1056 (1990).
 
 
 6
 Morgan has no claim under sections 7 & 8 of the National Labor Relations Act because he has not asserted, nor can the facts be construed to allege that his suspension by defendants was part of an unfair labor practice. 29 U.S.C. §§ 157, 158(a). Moreover, if Morgan's suspension was connected to such a practice, the National Labor Relations Board would have exclusive jurisdiction over the cause of action. San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236, 245 (1959); Careau Group v. Juan De La Cruz Farm Workers Pension Fund (In re The Careau Group), 923 F.2d 710, 712 (9th Cir.1991).
 
 
 7
 Morgan has no claim under section 301 of the Labor Management Relations Act because he has not asserted nor can the facts be construed to find a basis in the collective bargaining agreement for his claim. 29 U.S.C. § 185; Milne Employees Ass'n v. Sun Carriers, Inc., 960 F.2d 1401, 1407 (9th Cir.1991), cert. denied, 113 S.Ct. 2927 (1993). Further, if the action was based on a breach of the agreement, Morgan first would be required to pursue the grievance procedures contained in the agreement before seeking relief in federal court. Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 563 (1976).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3