40 F.3d 298
 In re Ray Gordon DAVENPORT & Carolyn Jean Davenport, Debtors.
WESTERN FARM CREDIT BANK; Sierra-Bay Federal Land Bank
Association, Appellants,
v.
Ray Gordon DAVENPORT; Carolyn Jean Davenport, Appellees.
 No. 93-15989.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Nov. 4, 1994.*
Decided Nov. 4, 1994.
 
 Marsha D. Galinsky, Sheppard, Mullin, Richter & Hampton, Los Angeles, CA, for appellants.
 Ray Gordon Davenport and Carolyn Jean Davenport, in pro. per.
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel.
 Before ALARCON and HALL, Circuit Judges, and KING, Senior District Judge.**
 In this matter, the appellees, Ray and Carolyn Davenport (the "Debtors"), filed a bankruptcy petition on August 8, 1989, under Chapter 12 of the Bankruptcy Code, 11 U.S.C. Sec. 1201-1231. On that date, the Debtors owed the Western Farm Credit Bank (the "Bank"), $469,245.00.
 On April 13, 1992, the bankruptcy court confirmed the Debtors' third-amended plan of reorganization (the "Plan"), in a published opinion. In re Davenport, 158 B.R. 830 (Bankr.E.D.Cal.1992). The Bank filed a timely appeal to the Bankruptcy Appellate Panel ("BAP"). The Bank contended that the bankruptcy court erred in confirming the Plan because it improperly forced redemption of Farm Credit Stock. The BAP affirmed. In re Davenport, 153 B.R. 551 (9th Cir. BAP 1993). The bank then appealed to this court.
 On April 18, 1994, while this appeal was pending, the bankruptcy court granted the Debtors' motion to dismiss their bankruptcy action. The Debtors did not inform this court of the dismissal until October 17, 1994. The Debtors advised this court that the issue raised in this appeal has become moot. In a letter received by the Clerk on October 19, 1994, the Bank informed this court that the dismissal of the underlying bankruptcy action "may moot the appeal."
 In its letter to the clerk, the Bank requests that "the Ninth Circuit retain jurisdiction over this appeal to resolve this recurring issue, which is of substantial economic significance to the Farm Credit System, which is the nation's largest agricultural lender." The Bank failed to cite any authority in support of this request. We decline to retain jurisdiction in this matter because the Bank has failed to demonstrate that it will be deprived of the opportunity to present this issue in other litigation. This matter has become moot, not because "the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration," Weinstein v. Bradford, 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975), but because of the dismissal of the bankruptcy action at the request of the Debtors. No showing has been made that debtors commonly seek dismissal of bankruptcy actions while an appeal is pending in the United States Court of Appeals.
 Because the issue raised by the Bank has become moot pending our decision, as a result of the dismissal of the underlying bankruptcy action, we are required to vacate the order of confirmation in order to prevent the decisions of the bankruptcy court and the BAP from having any legal effect on the parties to this action. See United States v. Munsingwear, Inc., 340 U.S. 36, 39, 71 S.Ct. 104, 106-07, 95 L.Ed. 36 (1950) ("The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss"). The Court explained in Munsingwear, that this procedure is "commonly utilized in precisely this situation to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences." Id. at 41, 71 S.Ct. at 107.
 The order of the bankruptcy court confirming the Debtor's third amended chapter 12 plan of confirmation is VACATED. The decision of the BAP affirming the bankruptcy court's order is
 VACATED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawai'i, sitting by designation