67 F.3d 308
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Alfred Bert ROBBS, Jr., Debtor.
Alfred Bert ROBBS, Jr., an individual, Appellant,
v.
HUGHES, HUBBARD & REED; William T. Bisset; Rita M.
Haeusler, Appellees.
 No. 93-55099.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 2, 1994.
Decided Sept. 12, 1995.
 
 Before: BROWNING, FERGUSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The dismissal of the underlying bankruptcy case rendered this appeal moot. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).
 
 
 3
 The order from which appeal was taken allowed HHR's claim for attorneys' fees over Robbs's challenge thereto based upon allegations of malpractice. (See E.R. 12, 30, 110, 112.5, 307.) The order did not award HHR a money judgment for the amount of its fees or determine Robbs's claims of malpractice, which were then pending in a separate proceeding in the district court.[1] (See Robbs Brief 4; HHR Brief 4.)
 
 
 4
 The allowance of a claim in bankruptcy is not tantamount to the award of a money judgment in an ordinary civil proceeding. Cf. Nash v. Kester (In re Nash), 765 F.2d 1410, 1412-13 (9th Cir.1985) (creditor whose claim had been confirmed in Chapter 13 plan had no right to further payment under plan after bankruptcy case was dismissed). The primary consequence of allowance of a claim is that the successful claimant may participate in a distribution under the plan, an event foreclosed by the district court's dismissal of the bankruptcy case under 11 U.S.C. Sec. 305. See id.; 11 U.S.C.A. Secs. 305, 1141 (West 1993); Fed.Bankr.R. 3021 (after confirmation of a plan, distribution made to creditors whose claims have been allowed). Dismissal of Robbs's bankruptcy case, (see S.E.R. 74-81), the only case over which the district judge had jurisdiction, rendered moot all issues relating to the debtor's reorganization and operated to restore the interests of Robbs and his creditors to the status quo ante, insofar as practicable. See 11 U.S.C.A. Sec. 349 & historical note (West 1993); Nash, 765 F.2d at 1412-13 (dismissal of Chapter 13 plan effectively vacated the plan). The district court's order allowing HHR's claim is not entitled to preclusive effect, see Nash, 765 F.2d at 1412-13; therefore, our resolution of the merits of the appeal could not affect the rights of the litigants in this case. See Lewis, 494 U.S. at 477.
 
 
 5
 Because the issues raised in HHR's motion for allowance of its pre-petition claim have become moot as a result of the dismissal of the underlying bankruptcy action, we must vacate the district court's order to prevent the order from having any legal effect on the parties to this action. See Western Farm Credit Bank v. Davenport (In re Davenport), 40 F.3d 298, 299 (9th Cir.1994). Accordingly, the district court's September 11, 1992 order entitled "Findings of Fact, Conclusions of Law and Judgment" is
 
 
 6
 VACATED.
 
 
 7
 Before: BROWNING, FERGUSON and KLEINFELD, Circuit Judges.
 
 ORDER
 
 8
 The majority of the panel votes to deny the petition for rehearing and to reject the suggestion for rehearing en banc.
 
 
 9
 The full court has been advised of the suggestion for an en banc rehearing, and no judge of the court has requested a vote on the suggestion for rehearing en banc. Fed.R.App.P. 35(b).
 
 
 10
 The petition for rehearing is denied and the suggestion for rehearing en banc is rejected.
 
 
 11
 KLEINFELD, Circuit Judge, dissenting.
 
 
 12
 I respectfully dissent from denial of rehearing, and the disposition as amended.
 
 
 13
 Hughes, Hubbard claimed about $142,000 for legal fees and expenses from the bankrupt, Robbs. Robbs claimed that Hughes, Hubbard failed to perform its services in a workmanlike manner, so he did not owe the money. When Robbs signed his declaration in December of 1991 in support of his motion to dismiss his bankruptcy case, he said that Hughes, Hubbard & Reed claimed fees from him, and he disputed the claim and had counterclaims against the law firm. The law firm subsequently filed its proof of claim January 6, and Robbs contested it and filed his counterclaim. Judge Shanstrom did not grant Robbs' motion to dismiss the bankruptcy until after he decided the claim for fees, implicitly rejecting the counterclaim for malpractice. The docket sheet shows that Judge Shanstrom had his decision on the lawyers' fees claim docketed as number 172, and his order granting the motion to dismiss as number 174. Thus Judge Shanstrom first decided that Hughes, Hubbard was right, Robbs wrong, and only then dismissed the bankruptcy. The state court then treated Judge Shanstrom's decision on the claim for legal fees and the malpractice claim as res judicata. By holding that the case was moot, and vacating Judge Shanstrom's decision on the claim, we allow Robbs to avoid the consequences of his loss on the merits before Judge Shanstrom, and to litigate the issue again before another judge. I do not think we need to allow this waste of Hughes, Hubbard's or Judge Shanstrom's work on this case.
 
 
 14
 We have held that "the determination of whether a case becomes moot on the dismissal of the bankruptcy hinges on the question of how closely the issue in the case is connected to the underlying bankruptcy." In re Universal Farming Industries, 873 F.2d 1334, 1335 (9th Cir.1989). In Universal Farming, we held that a question of priorities between creditors was ancillary, unlike a motion to reimpose an automatic stay. Id. We noted that dismissal of a bankruptcy petition does not moot an application for compensation for services in connection with the bankruptcy. Id. The question of whether Hughes Hubbard performed $142,000 worth of legal services for Robbs, or engaged in malpractice, seems to me to be similarly ancillary.
 
 
 15
 Because the case is not moot, we need not decide the res judicata issue. Under both federal law and California law, the preclusive effect of a judgment is ordinarily a matter for the second court, not this court as reviewing the first court, to decide. See Teamsters Local 282 Pension Trust Fund v. Angelos, 762 F.2d 522, 525 (7th Cir.1985); Interinsurance Exch. of the Automobile Club of Southern Cal., 33 Cal.Rptr. 533, 537 (Cal.App.1963).
 
 
 16
 We need not decide whether United States v. Munsingwear, Inc., 340 U.S. 36, 39 (1950), and Davenport apply, because the ancillary question of Hughes, Hubbard's fees has not become moot pending our decision. Even if the case had become moot, we would retain discretion whether to vacate the prior determination on Hughes, Hubbard's claim and the counterclaim. The Supreme Court has said that "in deciding whether to disturb prior judgments in a case rendered nonjusticiable, we have inquired, pivotally, 'whether the party seeking relief from the judgment below caused the [nonjusticiability] by voluntary action." Anderson v. Green, --- U.S. ---- (Feb. 22, 1995). Robbs seeks relief from the judgment below, yet Robbs' voluntary action to dismiss his case caused the mootness, if there was mootness at all.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Instead, the court considered the issue of malpractice, briefed summarily by the parties, only insofar as was necessary to determine the "reasonable value of [HHR's legal] services" under 11 U.S.C. Sec. 502(b)(4). See 11 U.S.C.A. Sec. 502(b)(4) (West 1993)