134 F.3d 381
 2 Cal. Bankr. Ct. Rep. 39
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joanne M. WESTON; Jubal J. WESTON; Debtor; Craig J.
Cwiok; Rebecca S. Cwiok, Appellants,
v.
FIRST INTERSTATE BANK OF CALIFORNIA, Appellee.
Joanne M. Weston; Jubal J. Weston; Appellants; Craig J.
Cwiok; Rebecca S. Cwiok, Debtors.
v.
First Interstate Bank of California, Appellee.
 Nos. 95-16860, 95-16862.
 United States Court of Appeals, Ninth Circuit.
 Submitted January 12, 1998**
Jan. 16, 1998.
 
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel, No. EC-95-01120-RHV; Russell, Hagan, and Volinn, Judges, Presiding.
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The appellants appeal pro se a decision of the Bankruptcy Appellate Panel ("BAP") affirming bankruptcy orders which granted First Interstate Bank of California's motions for relief from automatic stays in two Chapter 13 cases. We conclude that the case is moot and vacate the orders of the bankruptcy court and the BAP.
 
 
 3
 A federal court's jurisdiction is limited to cases that present a live controversy. See U.S. Const. art. III, § 2; American Rivers v. National Marine Fisheries Serv., 126 F.3d 1118, 1123 (9th Cir.1997). A case that no longer presents a live controversy is moot and must be dismissed for lack of jurisdiction. See American Rivers, 126 F.3d at 1123.
 
 
 4
 Here, the Bank sought relief from the automatic stays in JoAnne Weston's children's bankruptcy cases in order to proceed with an eviction action against Weston on property in which the children's bankruptcy estates claimed to have an interest. The BAP determined that the Bank was entitled to relief because the children's bankruptcy estates did not have an interest in Weston's property. The BAP ruled that Weston's attempts to transfer interests in her property to her children were void because they were made after the Bank had already foreclosed on Weston's property.
 
 
 5
 This case no longer presents a live controversy because the foreclosure judgment, upon which the BAP relied in determining that the Bank was entitled to relief from the automatic stays, was reversed by the California Court of Appeal while the present appeals to this court were pending. A reversal of the BAP's decision will not offer the appellants any relief. See id. at 1123 (stating that a case is moot if an event occurs that prevents the court from granting effective relief). The Bank has conceded that, if it decides to further pursue a foreclosure judgment against Weston, it will have to again apply for relief from the automatic stays.
 
 
 6
 Because the issues raised by the appellants became moot pending our decision, we are required to vacate the orders of the bankruptcy court and the BAP to prevent those orders from having any legal effect on the parties to this action. See U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 22 (1994); Western Farm Credit Bank v. Davenport (In re Davenport), 40 F.3d 298, 299 (9th Cir.1994) (per curiam).
 
 
 7
 VACATED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, we deny appellee's request for oral argument
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3