IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-10073
_____


In The Matter Of: INTERNATIONAL AVIATION SERVICES I, LTD

        Debtor
--------------------------

RAGNAR PETTERSSON,

        Appellee,

   v.

MICHAEL A MCCONNELL, Trustee,

        Appellant.


_____

Appeal from the United States District Court
for the Northern District of Texas
(4:98-CV-728-A)
_____

May 5, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Michael McConnell, bankruptcy trustee for International Aviation Services, Ltd., brings a motion to vacate the district court's judgment in this case and to dismiss the appeal as moot. In the underlying lawsuit, the trustee attempted to avoid Ragnar Pettersson's deed of trust lien on IASL's hangar lease. On June

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

19, 1998, the bankruptcy court held that the trustee could avoid the deed of trust because (1) the deed of trust was invalid because it contained an unfulfilled condition precedent; and (2) the deed of trust constituted a preferential transfer. On appeal to the district court on December 18, 1998, the court reformed the deed of trust to remove the unsatisfied condition precedent on the grounds of mutual mistake, and the court held that a portion of the deed of trust was not a preferential transfer due to the new value exception. The trustee filed an appeal to this court, and he subsequently filed the motion now under consideration.

The basis for the trustee's motion is that, subsequent to the original filing of his claim to avoid Pettersson's deed of trust, Pettersson voluntarily agreed to subordinate his deed of trust lien in the total amount of $2,300,000. Then, on September 1, 1998, after the bankruptcy court's ruling but prior to the district court's ruling, the trustee sold substantially all of IASL's assets, including the interest in the hangar lease that was the collateral for Pettersson's deed of trust. The hangar interest sold for $2,278,967. Because Pettersson's deed of trust was subordinate to $2,300,000 in other debts, and because the hangar, the collateral for the deed of trust, sold for less than $2,300,000, Pettersson stands to recover nothing on the deed of trust. Thus, argues the trustee, the case is now moot because there is no preferential transfer to avoid.

A controversy is mooted when, "as a result of intervening circumstances, there are no longer adverse parties with sufficient

legal interests to maintain the litigation." *Chevron, U.S.A. v. Traillour Oil Co.*, 987 F.2d 1138, 1153 (5th Cir. 1993). A moot case presents no Article III case or controversy, and a federal court has no constitutional jurisdiction to resolve the issue it presents. *See Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999); *see also Baccus v. Parrish*, 45 F.3d 958, 961 (5th Cir. 1995)(noting that the Constitution requires the existence of a case or controversy to support federal jurisdiction and that the controversy posed by a complaint must be present "throughout the litigation process").

This case is moot. The intervening events that rendered this dispute moot were Pettersson's subordination of his deed of trust and the sale of the collateral for less than the amount of the debts to which the deed of trust was subordinated. These events mooted this case because there is no longer a preferential transfer to avoid; that is, the case is moot because there is no injury traceable to Pettersson, so no effective judicial remedy exists or is needed.

Because this case is moot, we have no power under Article III to decide its merits, *see Goldin*, 166 F.3d at 718, but we retain authority to order vacatur if appropriate, *see U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 23 (1994). Vacatur of the district and bankruptcy court rulings below is warranted if the controversy presented for review became moot due to circumstances unattributable to any of the parties. *See id.* Though Pettersson voluntarily subordinated his deed of trust to

3

$2,300,000 in other debts, neither party was responsible for the hangar interest's sale for less than that amount. Furthermore, the vacatur rule is an equitable one, justified as a means of avoiding the unfairness of a party's being denied the power to appeal an unfavorable judgment by factors beyond its control. *See Goldin*, 166 F.3d at 719 (citing *United States v. Munsingwear*, 340 U.S. 36 (1950)). Equitable factors weigh in favor of vacating both the bankruptcy and district courts' rulings in this case. Both rulings addressed the validity of the deed of trust in light of the unsatisfied condition precedent, and the courts reached differing results. Vacating both rulings will prevent the judgments, "unreviewable because of mootness, from spawning any legal consequences." *See Munsingwear*, 340 U.S. at 41; *see also Western Farm Credit Bank v. Davenport*, 40 F.3d 298, 299 (9th Cir. 1994)(relying on *Munsingwear* and dismissing the appeal and vacating the rulings of both the district and bankruptcy courts on mootness grounds).

Thus, we dismiss the appeal as moot, vacate the district and bankruptcy court judgments, and remand to the district court with instructions to dismiss the case.