**AGRICREDIT ACCEPTANCE, LLC, dba Agricredit Acceptance Corporation, Plaintiff—Appellant,**

v.

**UAP NORTHWEST, a foreign corporation, Defendant— Appellee.**

No. 02–35160.
D.C. No. CV–00–00661–BLW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2003.

Decided May 22, 2003.

Before O'SCANNLAIN and GOULD, Circuit Judges, and BOLTON,* District Judge.

## MEMORANDUM**

Plaintiff–Appellant Agricredit Acceptance LLC ("Agricredit") appeals the district court's decision that a clause in a confirmed Chapter 12 bankruptcy plan, which expressly allowed Agricredit to appeal "lien priorities," did not allow Agricredit to contest the timing of payments that it received under the plan on the ground that payment to a creditor with subordinated debt before Agricredit was fully paid would be inconsistent with Agricredit's "lien priority." In the alternative, Agricredit argues that this appeal is moot because of the dismissal of the underlying plan following the bankruptcy court's judgment. We conclude (1) that this case is not moot and (2) that no plausible interpretation of the clause, when viewed with other language in the Chapter 12 plan as a whole, precludes Agricredit from contesting the timing of payments that it would receive under the plan if asserted to violate its lien priority.

* The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

## I

Mootness is a question of law reviewed de novo. *See Biodiversity Legal Found. v. Badgley,* 309 F.3d 1166, 1173 (9th Cir. 2002). The burden is on the movant to demonstrate that the appeal is moot. *Matter of the Brickyard,* 735 F.2d 1154, 1159 (9th Cir.1984).

We set forth the test to determine whether a case becomes moot when the underlying bankruptcy petition is dismissed, in *Spacek v. Thomen (In re Universal Farming Industries),* 873 F.2d 1334, 1335 (9th Cir.1989):

> In the bankruptcy context the determination of whether a case becomes moot on the dismissal of the bankruptcy hinges on the question of how closely the issue in the case is connected to the underlying bankruptcy. When the issue being litigated directly involves the debtor's reorganization, the case is mooted by the dismissal of the bankruptcy.... However, if the issue is ancillary to the bankruptcy, the dismissal of the petition does not necessarily cause the case to become moot.

■ This rule applies and we conclude that the issue of lien priority as related to payments is ancillary to the bankruptcy. Here, the parties dispute whether Agricredit waived its right to receive payment in full from the debtors prior to UAP Northwest's ("UAP's") receipt of any payments from the debtors because Agricredit agreed to the terms of the debtors' Chapter 12 plan. While the debtors' Chapter 12 plan was in effect, payments were held by the bankruptcy trustee for UAP or Agricredit pending the outcome of this adversary action. The issue of who has a

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

right to funds, disbursed into trust while the Chapter 12 plan was in effect, is ancillary to the dismissal of the bankruptcy petition because the funds were received by the bankruptcy trustee pursuant to a valid Chapter 12 plan.

To illustrate, if Agricredit is held to have waived its rights to receive payment in full by signing the Chapter 12 plan, UAP would receive the payments held in trust under the terms of the debtors' Chapter 12 plan. But if Agricredit did not waive its rights to payment in full before UAP received any payment, then Agricredit would be entitled to all the challenged funds. Because the entitlement to funds paid out while the bankruptcy plan was in effect is ancillary to the dismissal of the debtors' bankruptcy petition, and because complete relief on this dispute can be given the parties, this case is not moot.

## II

■ We turn to Agricredit's contention that the clause in the confirmed plan which preserved a right to appeal "lien priorities" also preserved a right to appeal timing of payments to it under the plan, as contrasted with payments to UAP which had subordinated its debt to the debt due Agricredit. The bankruptcy court concluded that Agricredit did not preserve a right to appeal the timing of payments to it under the terms of the confirmed plan. The district court questioned the validity of the bankruptcy court's decision but affirmed the result after giving deference to the bankruptcy court's decision.

We assume, without deciding, that the bankruptcy court's interpretation of a confirmed plan is entitled to deference and is reviewed for an abuse of discretion.[1] *See generally Monarch Life Ins. Co. v. Ropes & Gray,* 65 F.3d 973, 983 (1st Cir.1995); *Comm'n of Dept. of Public Utilities v. New York. N.H. & H.R. Co.* 178 F.2d 559, 563–64 (2d Cir.1949) (in decision prior to system of bankruptcy judges, the court held that interpretation of plan of reorganization by district judge who is familiar with bankruptcy is "entitled to great weight."); *In re Tomlin,* 105 F.3d 933, 941 (4th Cir. 1997); *In re Terex Corp.,* 984 F.2d 170, 172 (6th Cir.1993); *Matter of Chicago, Milwaukee, St. Paul & Pacific R.R. Co.,* 961 F.2d 1260, 1264 (7th Cir.1992); *In re Ranch House of Orange–Brevard, Inc.,* 773 F.2d 1166, 1168–1169 (11th Cir.1985). Under the "abuse of discretion" standard we will uphold the bankruptcy court's decision if it is "plausible in light of the record viewed in its entirety." *Anderson v. Bessemer City,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

■ A bankruptcy plan is to be interpreted as a contract, pursuant to applicable state law in the forum where the bankruptcy is commenced. *See Hillis Motors Inc. v. Hawaii Auto. Dealers' Ass'n,* 997 F.2d 581, 588 (9th Cir.1993). Under Idaho law,[2] the "aim in construction of a contract is to ascertain the intention of the parties." *Rutter v. McLaughlin,* 101 Idaho 292, 612 P.2d 135, 136 (1980). The determination of a contract's meaning and legal effect are

---

1. Because the result would be the same under any standard advocated by the parties, we need not decide the standard of review that must be applied when reviewing the bankruptcy court's interpretation of the confirmed Chapter 12 plan.

2. The subordination agreement between UAP and Agricredit contained a choice-of-law provision requiring all disputes arising out of the agreement to be governed by Iowa law. However, since we are interpreting the nature of the confirmed plan and the terms of the subordination agreement are not at issue here, it is proper to use Idaho law to determine the meaning of the bankruptcy plan since the debtors' bankruptcy petition was filed in the District of Idaho.

questions of law to be decided by the court where the contract is clear and unambiguous. *See Luzar v. Western Sur. Co.*, 107 Idaho 693, 692 P.2d 337 (1984). However, if a contract is determined to be ambiguous the interpretation of the document then presents a question of fact which focuses upon the intent of the parties. *Id.* at 341.

The language of the plan is controlling in its context, and we believe no further proceedings are needed to ascertain intent of the parties. Though perhaps not a model of clarity, the language of reservation in the plan preserves for Agricredit a challenge to "lien priorities," and we conclude that the only plausible interpretation of this language in the plan, viewed in the entirety, preserves the right of Agricredit to initiate an adversary proceeding to contest the timing of payments to it based on the challenge that UAP should not have received payments on its subordinated debt until Agricredit was fully paid.

As explained, the clause explicitly preserves a right to appeal "lien priorities." For the reasons expressed below, we conclude that this language in the context of other parts of the plan must have been intended to preserve a right to appeal the timing of payments that Agricredit would receive under the plan as contrasted with what UAP would receive.

First, it is undisputed that UAP subordinated its debt to Agricredit. In the confirmed plan there was no dispute about the value of Agricredit's lien interest. The plan provided that Agricredit would be paid full value of its claim. All creditors and debtors are bound by the terms of the confirmed Chapter 12 plan which they have signed. 11 U.S.C. § 1227(a). Because Agricredit was given full value for its interest under the plan, which was superior to UAP's interest, the only plausible meaning of a reserved challenge to "lien priorities" must be construed to mean a right to contest the "timing of payments" under the plan. There was no need to appeal "lien priorities" to establish the quantum due Agricredit under the plan but only to permit challenge to the plan's schedule of partial payments made concurrently to both Agricredit and UAP.

Second, while the adversary action was pending, UAP agreed to leave the challenged funds with a trustee pending resolution of the case and did not insist on immediate payment under the terms of the Chapter 12 plan. This supports Agricredit's argument that it intended to appeal its right to payment in full before UAP's receipt of any payment, and that UAP was aware of this meaning of the reservation by Agricredit in the plan.

We conclude that the plan preserves Agricredit's right to appeal the timing of payments to it under the plan.

## III

Because this controversy is not moot and Agricredit preserved its right to appeal the timing of payments to it under the terms of the confirmed plan, we reverse and remand for proceedings not inconsistent with this disposition.

**REVERSED AND REMANDED.**