United States Court of Appeals
Fifth Circuit

**F I L E D**

November 10, 2004

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

**No. 04-20121**
_____

**LORI PENTON, ETC., ET AL,**

**Plaintiffs,**

**LORI PENTON, INDIVIDUALLY, AND**
**AS NEXT FRIEND OF CHRISTIAN ALLEN GARCIA;**
**EVAN DANIEL PENTON; MORGAN ALEXIS PENTON;**
**CHRISTIAN ALLEN GARCIA,**

**Plaintiffs-Appellants,**

**-vs-**

**AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,**

**Defendant-Appellee**

Appeal from the United States District Court
for the Southern District of Texas
(4:03-CV-705)

Before WIENER and PRADO, Circuit Judges, and LITTLE[*], District Judge.

LITTLE, District Judge:[**]

This is an appeal from the judgment of the district court denying the motion for appellate

attorney's fees filed by the Appellants, Lori Penton, Individually, and as next friend of Christian Allen

Garcia; Evan Daniel Penton, Morgan Alexis Penton, and Christian Allen Garcia (collectively, the

---

[*] District Judge of the Western District of Louisiana, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not
precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"Pentons"). In a separate appeal, No. 04-20013, American Bankers Insurance Company of Florida ("American Bankers"), the Appellee here, appealed the district court's grant of summary judgment in favor of the Pentons. The Pentons then filed a motion for appellate attorney's fees, which the district court denied as premature because no appellate fees had been incurred at that time. For the reasons that follow, we REMAND.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On 21 November 2003, the district court entered a judgment granting the Pentons' Motion for Summary Judgment. The district court contemporaneously granted the Pentons' motion for attorney's fees, pursuant to Section 38.001 of the Texas Civil Practice and Remedies Code, for fees incurred up to that point in the litigation. Subsequently, American Bankers filed a Notice of Appeal of the order granting summary judgment, No. 04-20013. The Pentons then filed their Plaintiffs' Motion for Attorney's Fees on Appeal on 5 December 2003, seeking appellate attorney's fees. American Bankers filed a response on 17 December 2003, claiming that the Pentons' motion was either an improper Rule 59(e) motion to alter or amend the judgment, an improperly supported motion for attorney's fees, or simply a premature motion for fees because the Pentons had not actually incurred any appellate fees or costs yet. In an order entered on 12 January 2004, the district court denied the Pentons' motion for attorney's fees on appeal because they had not actually incurred any appellate attorney's fees at that time.

On 23 January 2004, the Pentons timely filed this Notice of Appeal, 04-20121, within thirty days of the entry of the district court's final order denying their appellate attorney's fees. See FED. R. APP. P. 4(a)(1)(A). This court has jurisdiction to hear this appeal under 28 U.S.C. § 1291.

## II. DISCUSSION

2

**A.      Standard of Review**

In diversity cases, state law controls both the award of and the reasonableness of attorney's fees awarded where state law supplies the rule of decision. See Mathis v. Exxon Corp., 302 F.3d 448, 461 (5th Cir. 2002). Under Texas law, there is discretion to determine the amount of the attorney's fee award, but an award of reasonable fees is mandatory if a party prevails in a breach of contract case and there is proof of reasonable fees. See DP Solutions, Inc. v. Rollins, Inc., 353 F.3d 421, 433 (5th Cir. 2003); TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (Vernon Supp. 2004). An award of attorney's fees by the district court is generally reviewed for abuse of discretion. See Gen. Elec. Credit Corp. v. The Oil Screw Triton, VI, 712 F.2d 991, 995 (5th Cir. 1983). When a district court has merely refused to award attorney's fees for an appeal before they are incurred, however, this court has remanded to the district court once the claim for fees was ripe for adjudication. See Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc., 334 F.3d 423, 433 (5th Cir. 2003). Furthermore, if a judgment of the district court is affirmed on appeal, costs of the appeal are taxed against the appellant. FED. R. APP. P. 39(a)(2).

**B.      Vacatur or Remand of the District Court's Order Denying Appellate Fees**

A district court's refusal to award appellate attorney's fees before an appeal has even been taken is not error. Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc., 334 F.3d 423, 433 (5th Cir. 2003). The issue of appellate attorney's fees is a matter for the district court on remand following the resolution of the underlying appeal. See id.

In this case, as in Instone, the district court's order denying the Pentons' motion for appellate attorney's fees, before any appeal had been taken, was not an error. Although the Pentons seek either vacatur or remand, they cite no case law or other authority in support of vacatur. Vacatur of the

3

district court's order is unnecessary because that order denying the Pentons' attorney's fees did not expressly state that it was with prejudice to its refiling on remand after the appeal has taken place and appellate fees have actually been incurred. The district court's order does not require vacatur because this court has contemporaneously ruled in favor of the Pentons in the underlying 04-20013 appeal.

Now that this court has ruled in favor of the Pentons in the underlying appeal, the matter of their appellate attorney's fees will be ripe for adjudication by the district court upon remand. Remand will allow the district court to make the initial determination of the proper amount and award appellate attorney's fees as allowed by Texas law. Furthermore, because the judgment of the district court is affirmed in the 04-20013 appeal, costs of that appeal are taxed against the appellant in that case, American Bankers. See FED. R. APP. P. 39(a)(2). We remand in order to allow the district court to make the initial determination and award of appellate attorney's fees, upon motion by the Pentons.

### III. CONCLUSION

Based on the foregoing analysis, because the Pentons have prevailed on the underlying appeal, No. 04-20013, the court REMANDS this case to the district court for the initial determination and award of the Pentons' appellate attorney's fees, upon motion. Because American Bankers was unsuccessful in the No. 04-20013 appeal, they are ordered to pay to the Pentons the costs of that appeal.