United States Court of Appeals,

Fifth Circuit.

No. 94-10017.

Roy BACCUS, Individually and as Guardian of Larry Baccus, et al.,
Plaintiffs-Appellants,

v.

Linda H. PARRISH, et al., Defendants-Appellees,

John Lelsz, By and Through his Parents and Guardians, Mr. and
Mrs. John Lelsz, and Advocacy, Inc., Intervening-Defendants-
Appellees.

Feb. 27, 1995.

Appeal from the United States District Court for the Northern
District of Texas.

Before POLITZ, Chief Judge, GOLDBERG and DUHÉ, Circuit Judges.

GOLDBERG, Circuit Judge:[*]

The appellants challenged the creation of a task force
empowered to make recommendations to the governor of Texas on the
closing of certain schools for the mentally retarded. The
appellants originally brought this challenge in Texas state court
and the appellees removed the case to the Federal District Court
for the Northern District of Texas. The appellants filed a motion
to remand which was subsequently denied by the district court. The
district court then declared the case moot and granted the
appellees' motion for summary judgment. The appellants now appeal
the district court's denial of the motion to remand and the grant
of summary judgment. We affirm.

_____

[*]Judge Goldberg authored this opinion before his death on
February 11, 1995.

1

This case arises out of a twenty-year-old class action that was settled in 1991. The settlement in *Lelsz v. Kavanagh,* Civil Action No. 3-85-2462-H, was made contingent on the closure of certain state schools for the mentally retarded and on the condition that Texas would create community facilities for the mentally retarded. In response to the settlement agreement, the Texas Legislature passed H.B. 7, creating the Texas Department of Mental Health and Mental Retardation State Facility Review Task Force ("Task Force"). The Task Force was charged with making recommendations to the governor regarding the closure of two state schools. Final passage of the legislation creating the Task Force was itself contingent on the district court's acceptance of the settlement agreement. The district court accepted the settlement agreement on December 30, 1991, thereby finalizing the judgment. *Lelsz v. Kavanagh,* 783 F.Supp. 286 (N.D.Tex.1991), *dismissed,* 983 F.2d 1061 (5th Cir.), *cert. denied,* --- U.S. ----, 114 S.Ct. 287, 126 L.Ed.2d 236 (1993).

Roy Baccus, individually and as a guardian of his son, Larry Baccus, a resident of Mexia State School, filed suit in Texas state court for declaratory and injunctive relief against the Task Force. Baccus alleged that one of the Task Force members had been appointed after the statutory deadline for choosing Task Force members, and that the legislation creating the Task Force violated the "one-subject rule" of the Texas Constitution.

Shortly after the suit was filed by Baccus, the Task Force

recommended that the Mexia and Travis State Schools be closed. The governor acted on the Task Force's recommendation to close the Travis school, but did not close the Mexia school. The Task Force then recommended closing the Fort Worth State School, which the governor agreed to do. Baccus then amended his complaint to add plaintiffs Diane Lois Ward, a resident of the Fort Worth school, and Steven Terral Higgins, a resident of the Travis school. Higgins was transferred to the Austin State School as a result of the closure of the Travis school.

The appellees removed the case to federal court and the case was moved to the Western District of Texas, Waco Division. The case was then transferred to Northern District of Texas, Dallas Division, due to then-Chief Judge Barefoot Sanders' experience with the *Lelsz* litigation. The appellants filed a motion to remand the case to state court on the basis that their cause of action did not arise under the Constitution, treaties, or laws of the United States. The district court denied the motion to remand, finding that the plaintiffs' claim was "in essence a collateral attack on the Settlement Agreement" in *Lelsz.*

The district court permitted the *Lelsz* class and Advocacy, Inc., an intervenor in *Lelsz,* to intervene, after which all parties moved for summary judgment. Prior to ruling on the summary judgment motions, the district court ordered the appellees to file affidavits indicating the appellants' current locations and for both sides to submit a brief on standing to sue.

In response to the district court's order, the appellees

3

submitted an affidavit from Rick Campbell, an Associate Commissioner for Mental Health and Mental Retardation Services. In his affidavit, Campbell set forth that the Texas Department of Mental Health and Mental Retardation did not plan to move Larry Baccus or Steven Terral Higgins, who were residents of the Mexia and Austin State Schools. Diane Lois Ward, who was then a resident of the Fort Worth school, would eventually be moved. Campbell also stated that all state schools for the mentally retarded operated by the Texas Department of Mental Health and Mental Retardation met federal regulations governing intermediate care facilities for persons with mental retardation.

In September 1993, the district court issued a decision holding that the case was moot and granting summary judgment in favor of the appellees. The district court found that Texas was entitled to unilaterally close these schools for the reasons particularized, and that the appellants did not allege any particularized injury traceable to the conduct of the appellees.

II

On appeal, the appellants assert that the district court erred in denying their motion to remand and in granting summary judgment in favor of the defendants. Each issue will be taken in turn.

*A. Was There a Basis for Federal Jurisdiction?*

The appellants contend that the case was improperly removed to federal court because their cause of action is grounded exclusively in state law. The general removal statute provides:

> Except as otherwise expressly provided by Act of Congress, any
> civil action brought in a State court of which the district

4

> courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (1994). The district court refused to remand the appellants' case because it deemed their cause of action to be a collateral attack on the *Lelsz* settlement agreement. We review *de novo* the district court's denial of the motion to remand. *Diaz v. McAllen State Bank,* 975 F.2d 1145, 1147 (5th Cir.1992); *F.D.I.C. v. Loyd,* 955 F.2d 316, 319 (5th Cir.1992).

Federal jurisdiction is proper where a claim brought in state court seeks to attack or undermine an order of a federal district court. *Villarreal v. Brown Express, Inc.,* 529 F.2d 1219, 1221 (5th Cir.1976); *Deauville Assoc. v. Lojoy Corporation,* 181 F.2d 5 (5th Cir.1950). Further, the finding of federal jurisdiction is not limited to direct attacks on a district court order, but may also be found where a claim seeks to set aside a provision of a settlement agreement in a federal case. *Eyak Native Village v. Exxon Corp.,* 25 F.3d 773, 778-79 (9th Cir.1994).

The appellants assert that their claim is exclusively state related, in that it is controlled by whether the Texas Legislation at issue is violative of the Texas Constitution. While the appellants' cause of action nominally arises under the laws and Constitution of Texas, courts will typically look beyond the face of a complaint to determine whether removal is proper. *Villarreal,* 529 F.2d at 1221; 14 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3734 at 543 (1985) (citing *Nunn v. Feltinton,* 294 F.2d 450 (5th Cir.1961)).

5

The appellants originally brought their suit to prevent the Task Force from meeting. In their brief, the appellants concede that their suit, if successful, would have affected the *Lelsz* settlement agreement. Therefore, their suit is properly characterized as a collateral attack on the settlement agreement in *Lelsz.* Furthermore, the unique nature of the settlement agreement in *Lelsz* heightens its conflict with the appellants' suit. The *Lelsz* settlement was contingent upon the passage of certain remedial measures by the Texas legislature. The Texas Legislature acted in accordance with the *Lelsz* settlement agreement in creating the Task Force, and made final enactment of the Task Force contingent on the district court's acceptance of the settlement agreement. The district court accepted the settlement agreement, and thereby made the resolution of a protracted dispute dependent upon the activities of the Task Force. Were the appellants to succeed with their claims, the entire basis for the settlement in *Lelsz* would unravel.

The appellants assert that their concern lies only in the violations of the Texas Constitution, and that any impact on the Task Force is incidental. Under other circumstances we might be inclined to agree. We do not wish to paint with such broad strokes as to say that any attack on a state's legislation may fall under federal purview if that legislation is somehow connected to the resolution of an independent federal case. However, taking the appellants' pleadings as a whole, it is clear that the thrust of their claim is an attack on the settlement agreement in *Lelsz,* and

6

as such, the district court properly denied the appellants' motion to remand.

*B. Is the Appellants' Claim Moot?*

Article III of the United States Constitution requires the existence of a case or controversy in order to support federal jurisdiction. U.S. Const., Art. III § 2, cl. 1. Events both before and after the filing of a claim may render a claimant's case moot. Mootness doctrine requires that the controversy posed by a complaint be present "throughout the litigation process." *Carr v. Alta Verde Industries, Inc.,* 931 F.2d 1055, 1061 (5th Cir.1991). If the parties do not have a legally cognizable interest in the outcome of the case, then it has become moot. *Department of Justice v. Federal Labor Relations Authority,* 991 F.2d 285 (5th Cir.1993) (citing *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 1950-51, 23 L.Ed.2d 491 (1969)). In order to have a cognizable legal interest in the outcome of a case, the appellants must demonstrate an injury traceable to the defendants that is susceptible to some judicial remedy. *Monsanto Co. v. FERC,* 963 F.2d 827, 829 (5th Cir.1992) (quoting *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990)). Here, the appellants' interest in this suit is derived from that of their children. As such, the question before us is what injury have Larry Baccus, Diane Ward or Steven Higgins suffered at the hand of the Task Force, and what remedies could the judiciary provide.

According to the Campbell affidavit submitted by the

appellees, Larry Baccus will not be moved by the recommendations of the Task Force. Steven Higgins has already been moved from the Travis school to the Austin school, but no further moves are contemplated. Diane Ward will have to be moved when the Fort Worth school is closed. Nonetheless, none of the claimants have received an injury traceable to the actions of the Task Force. The parents have cited the increased distance that will have to be traveled to attend the new school. However, the state reserves the right to unilaterally close a state school for administrative or financial reasons, even if it means that certain residents will have to relocate as a result. *Lelsz,* 783 F.Supp. at 298. Diane Ward's mother also alleges that her daughter was injured when she was housed with another patient while awaiting the impending closure of the Fort Worth school. However, this is not an injury that is traceable to the appellees.

The appellants' case is also moot because even the injuries they are alleging are not the result of the actions of the Task Force. The Task Force was created to make non-binding recommendations to the governor as to which two schools would be closed. Not only did the Task Force lack the authority to close the schools in question, but its recommendations did not have to be followed. In fact, despite the Task Force's recommendation to close the Mexia school, the governor did not follow it and chose to close another school. The Task Force's role in recommending which schools should be closed is too attenuated to be the cause of the appellants' injuries, even if there some cognizable injury present.

8

Without an injury that is traceable to the conduct of the appellees, the district court was correct in declaring the appellants' case moot.

An exception to mootness doctrine exists where a certain harm is capable of repetition, yet evades review. *Mesquite v. Aladdin's Castle, Inc.,* 455 U.S. 283, 102 S.Ct. 1070, 71 L.Ed.2d 152 (1982); *Southern Pacific Terminal Co. v. Interstate Commerce Com.,* 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911). In order to benefit from this exception the appellants must show that they may be subjected to some future harm from the appellees. *DeFunis v. Odegaard,* 416 U.S. 312, 319, 94 S.Ct. 1704, 1707, 40 L.Ed.2d 164 (1974). There is a dispute between the parties as to whether the Task Force has continuing authority to recommend the closure of schools. Appellants contend that the Task Force does have continuing authority to make closure recommendations, whereas the appellees assert the legal authority of the Task Force has expired.

Without resolving these factual difference between the parties, we hold that the "capable of repetition, yet evading review" exception to the mootness doctrine provides no shelter for the appellants because they have not alleged any legally cognizable injury traceable to the appellees. The only possible harm the appellants have alleged consists of the burdens associated with being forced to travel a greater distance to school when a closer one has been closed. First, the actual closing of state schools cannot be laid at the feet of the Task Force when its role is exclusively to make non-binding recommendations to the governor.

Second, the closing of schools for administrative reasons is a prerogative of the State and is not a legally cognizable injury inflicted by the Task Force.

For the forgoing reasons, the decision of the district court in denying the appellants motion to remand and granting summary judgment in favor of the appellees is AFFIRMED.