**REVISED JANUARY 20, 2014**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

No. 12-31184

January 9, 2014

Lyle W. Cayce
Clerk

ENERGY MANAGEMENT SERVICES, LLC,

Plaintiff-Appellant

v.

CITY OF ALEXANDRIA,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana

Before WIENER, DENNIS, and OWEN, Circuit Judges.

DENNIS, Circuit Judge:

Plaintiff-Appellant Energy Management Services, L.L.C. ("EMS") appeals the district court's order denying EMS's motion to remand its suit against the City of Alexandria, Louisiana ("the City") to the state court from which it was removed. Because the district court does not have jurisdiction over EMS's suit, we REVERSE the district court's order and REMAND this case to the district court with instructions to remand it to the Louisiana state court in which it was initially filed.

**I.**

No. 12-31184

In a previous case, the City filed suit against its electricity provider, CLECO Corporation and its subsidiaries (collectively "CLECO"), in Louisiana state court on June 22, 2005, alleging that CLECO had overcharged the City for electricity. CLECO removed the case (hereinafter "City v. CLECO") to the U.S. District Court for the Western District of Louisiana. The City and CLECO reached a settlement agreement that involved several long-term contractual relationships between the City and CLECO and two cash payments from CLECO to the City. On February 24, 2010, in light of the settlement, the district court entered a Judgment of Dismissal that dismissed the case with prejudice. However, the district court retained jurisdiction over the City v. CLECO settlement for the purpose of resolving disputes over attorneys' fees expended during the litigation of the otherwise-dismissed case and to enforce its protective orders governing the confidentiality of the settlement proceedings and documents, as needed. The evidence and settlement documents are under seal in the district court.

In 2004, in anticipation of its suit against CLECO, the City hired EMS, a Louisiana-based energy and utility auditing and consulting firm, to conduct an audit of the City's electricity expenses and specifically its overpayments to CLECO. EMS and the City signed an agreement that provided, *inter alia*, that EMS's fee was twenty percent of any recovery, damages, or other credits the City received as a result of the City v. CLECO litigation. The agreement also provided that the City would allow EMS to review all settlement documents in order to assess its fee.

Subsequently, in August 2010, EMS filed a separate suit against the City in Louisiana state court. EMS asserted a breach of contract claim alleging that the City failed to provide compensation and documentation, seeking damages as well as a request for accounting and a writ of sequestration. The City removed the case to the U.S. District Court for the Western District of Louisiana on

2

No. 12-31184

August 26, 2010, asserting supplemental jurisdiction under 28 U.S.C. §§ 1367 and 1441.  On September 16, 2010, EMS filed a motion to remand the case to state court.  The district court denied EMS's motion to remand on the basis that it possessed supplemental jurisdiction over EMS's claims against the City.  The district court then granted EMS's motion to certify the order for immediate interlocutory appeal, authorizing this court's review of the decision under  28 U.S.C. § 1292(b).  We granted EMS's Motion for Leave To Appeal from an Interlocutory Order and now consider EMS's appeal.

## II.

## A.

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*  Furthermore, "[t]he right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'  These statutory procedures for removal are to be strictly construed." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (quoting *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 280 (1918)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a removed case], the case shall be remanded."  28 U.S.C. § 1447(c).  We review the denial of a motion to remand to state court *de novo.  Roland v. Green*, 675 F.3d 503, 511 (5th Cir. 2012).

The district court denied EMS's motion to remand on the ground that it possessed supplemental[1] jurisdiction over EMS's claims against the City because

---

[1] A district court's authority to exercise supplemental jurisdiction over state law claims was codified in 1990 under 28 U.S.C. § 1367, which states in relevant part:

No. 12-31184

EMS's subsequent lawsuit was "factually interdependent" with the City v. CLECO case and, therefore, should be maintained in the court with jurisdiction over that litigation and settlement. We reverse, concluding that (1) the district court does not have original jurisdiction over EMS's state-court civil action required to permit its removal to federal court, and (2) although the district

Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). Congress drafted § 1367 with the intent to codify, in part, the common-law doctrines of "pendent" and "ancillary" jurisdiction. *See* 28 U.S.C. § 1367, David Siegel, Practice Commentary, "The 1990 Adoption of §1367, Codifying 'Supplemental' Jurisdiction." Historically, the doctrine of pendent jurisdiction referred to a district court's authority to exercise jurisdiction over claims raised by a plaintiff in a single civil action regarding the same event, series of events, or course of conduct, so long as one of such claims satisfied the court's original jurisdiction requirement, thereby acting as a "jurisdictional crutch" over the related claims that independently would not invoke the court's jurisdiction. *Id.* Comparatively, ancillary jurisdiction referred to the court's adjudicatory power over a defendant's factually related cross-claims or counterclaims against the plaintiff, as well as "impleader" claims made by a third party. *Id.* The Supreme Court has explained that "ancillary" jurisdiction referred to the district court's jurisdiction exercised both "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen*, 511 U.S. 375, 379-80 (1994) (citations omitted).

This first type of ancillary jurisdiction has largely been codified as part of supplemental jurisdiction in § 1367. *See Peacock v. Thomas*, 516 U.S. 349, 354 n.5 (1996). Because of the historical development of the doctrine, courts sometimes refer interchangeably to this type of jurisdiction as either "supplemental" or ancillary jurisdiction. The second type of ancillary jurisdiction, though not codified, remains a viable doctrine of ancillary jurisdiction and is often referred to as "ancillary enforcement jurisdiction." *See Peacock*, 516 U.S. at 356; *Myers v. Richland Cnty.*, 429 F.3d 740, 746-47 (8th Cir. 2005). The district court here used the term "ancillary jurisdiction" in exercising jurisdiction over EMS's civil suit without explicitly stating whether it was invoking supplemental jurisdiction under § 1367 or ancillary enforcement jurisdiction. We assume for purposes of this opinion that the court was relying upon supplemental jurisdiction under § 1367(a), given its assertion that removal was proper because of the "factual[] interdependen[ce]" and "interrelated[ness]" of the claims. However, we note that neither supplemental jurisdiction under § 1367 nor ancillary enforcement jurisdiction vests the district court with jurisdiction here because neither can "provide the original jurisdiction needed for removal to federal court under 28 U.S.C. § 1441." *Myers,* 429 F.3d at 748.

court retains jurisdiction over the City v. CLECO post-settlement matters, neither the dismissed claims nor the court's retained jurisdiction over the separate, post-settlement matters may serve as the basis for the district court's jurisdiction over EMS's state-law claims, which are asserted in a separate and new proceeding.

## 1.

Before a state-court civil action may be removed to federal district court, the action must satisfy § 1441. In relevant part, § 1441 provides that

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court *of which the district courts of the United States have original jurisdiction*, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). This provision is to be strictly construed. *See Syngenta Crop Prot.*, 537 U.S. at 32. "Under the plain terms of § 1441(a), in order to properly remove [an] action pursuant to that provision, petitioners must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Id.* A federal district court may exercise original jurisdiction over any civil action that either satisfies diversity requirements or that arises under the federal constitution, statutes, or treaties—commonly referred to as "federal question" jurisdiction. 28 U.S.C. §§ 1331, 1332, 1369. Thus, under § 1441, removal is proper *only* when the court has original jurisdiction over at least one asserted claim under either federal question or diversity jurisdiction. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997). Once § 1441 is satisfied, pursuant to § 1367, the court may *then* assert supplemental jurisdiction over any remaining state-law claims that do not independently satisfy original jurisdiction, if the state-law claims are part of the same case or

No. 12-31184

controversy as the "anchor claim."[2]  28 U.S.C. § 1367; *see also Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 351 (2006) ("[F]ederal question jurisdiction over a claim may authorize a federal court to exercise jurisdiction over state-law claims that may be viewed as part of the same case because they 'derive from a common nucleus of operative fact' as the federal claim." (quoting *Mine Workers v. Gibbs,* 383 U.S. 715, 725 (1966))).

EMS's suit against the City raises no claims over which a federal district court could exercise original jurisdiction and therefore it does not satisfy § 1441. EMS's suit concerns a contract dispute that presents only state-law questions and the parties do not dispute that there is lack of diversity between them.  We have unequivocally held that

> [w]here . . . the plaintiff files an action in state court with no federal question or complete diversity, the original jurisdiction necessary for removal under § 1441 does not exist.  Congress specified that federal courts have removal jurisdiction under § 1441 only if the district court otherwise has original jurisdiction over the civil action.  No federal court had original jurisdiction over the [present action], and § 1367, by its own terms cannot fill the void.  Section 1367 grants supplemental jurisdiction over state claims, not original jurisdiction. Without original jurisdiction, [there is] no jurisdictional hook for removal.

*Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010) (footnotes omitted) (internal quotation marks omitted).  Thus, removal of EMS's entirely state-law-based, non-diverse action was improper under § 1441.

**2.**

The district court's jurisdiction over the City v. CLECO litigation and settlement does not satisfy the statutory requirements for removal of EMS's

---

[2] We use the term "anchor claim" throughout the opinion for ease of reference to a claim over which the federal court has original jurisdiction pursuant to §§ 1331, 1332, or 1369 and which thus under § 1367 may serve as a basis for the federal court to exercise jurisdiction over additional claims regarding the same case or controversy as the anchor claim.

separate civil action under § 1441 and thus does not vest the district court with jurisdiction over EMS's claims.  First, the district court's original jurisdiction over the claims asserted in City v. CLECO—which the parties settled and the court dismissed on the merits with prejudice—may not serve as an anchor claim for exercising jurisdiction over EMS's state-law contract claims.  Additionally, standing alone, the attorneys' fees and sealed document matters over which the district court retained limited jurisdiction after the City v. CLECO settlement-dismissal does not constitute an anchor claim that would support supplemental jurisdiction over EMS's separate civil action, given that EMS's state-law claims were not asserted in the same proceeding as the claims in City v. CLECO.

Once the City v. CLECO claims were extinguished, their ability to serve as anchor claims for purposes of supplemental jurisdiction ceased.  As the Supreme Court has explained, dismissal of a suit with original jurisdiction halts the ability of the court to assert jurisdiction over related claims:

> In a subsequent lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction. Consequently, claims alleged to be factually interdependent with and, hence, ancillary to claims brought in an earlier federal lawsuit *will not support federal jurisdiction over a subsequent lawsuit. . . .* [O]nce judgment [i]s entered in the original [] suit, the ability to resolve simultaneously factually intertwined issues vanishe[s].

*Peacock v. Thomas,* 516 U.S. 349, 354 (1996)  (emphasis added) (citations omitted).  Thus, the now-dismissed claims in the City v. CLECO litigation, regardless of how factually "intertwined" with EMS's suit, may not serve as an anchor claim to establish jurisdiction over EMS's "entirely new and original suit."  *Id.* at 354.

Likewise, the district court's limited, continued jurisdiction of the City v. CLECO settlement to resolve potential future disputes regarding attorneys' fees

and protective orders, does not provide a basis of original jurisdiction to support removal of EMS's action against the City under § 1441. "That a related case was pending in federal court [i]s not in itself sufficient grounds for removal under 28 U.S.C. § 1441." *Fabricius v. Freeman,* 466 F.2d 689, 693 (7th Cir. 1972); *see also Syngenta,* 537 U.S. at 34*; Motion Control Corp. v. SICK, Inc.,* 354 F.3d 702, 706 (8th Cir. 2003) ("[A] removal petition . . . may not base subject-matter jurisdiction on the supplemental-jurisdiction statute, even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject mater jurisdiction." (quoting *Shearn v. Charter Twp. of Bloomfield,* 100 F.3d 451, 456 (6th Cir. 1996))).

> Defendants sometimes will assert that a pending federal action that shares a common nucleus of operative fact with the state lawsuit that defendants seek to remove can furnish an anchor claim under Section 1367(a), and thus enable removal of a separate suit under Sections 1441(a) and (b). This is a misreading of Section 1367, which authorizes supplemental jurisdiction over claims that are *within the same civil action as a federal question claim . . . and those claims alone.*

*Halmekangas*, 603 F.3d at 294 n. 15 (emphasis added) (quoting 14B Charles A. Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, Federal Practice and Procedure § 3722 (4th ed. 2009)). "[E]ven if we assume that the district court would have had supplemental jurisdiction over [EMS's claims] had [they been] filed [together with the City v. CLECO claims] in a single lawsuit in federal court[,] . . . . [b]ecause [EMS's] state-filed suit could not meet the demands of original jurisdiction, § 1441 did not allow for removal." *Id.* at 294. Therefore, although the district court retains jurisdiction over post-settlement disputes between the City and CLECO, that pending federal litigation may not serve as a basis for removal of EMS's separately filed civil action.[3]

---

[3] With consent of the parties, a district court may expressly retain jurisdiction over a settlement agreement in order to enforce the parties' compliance with that agreement and

No. 12-31184

The district court erred in denying EMS's motion to remand because: (1) the district court does not have original jurisdiction over any of EMS's claims; (2) the settled and dismissed City v. CLECO claims may not serve as an anchor claim to support supplemental jurisdiction over EMS's suit; and (3) the court's retention of jurisdiction over the post-settlement matters likewise do not support supplemental jurisdiction over EMS's state-law breach-of-contract claims, given that EMS's claims were not asserted in the same proceedings as the City v. CLECO litigation. Thus, the district court does not have jurisdiction over EMS's action and must remand the case to the state court for further proceedings.

## B.

The City alternatively argues that *Baccus v. Parrish*, 45 F.3d 958 (5th Cir. 1995), serves as an exception to the original-jurisdiction requirement of § 1441. In *Baccus*, we affirmed the removal of a state-law, non-diverse case because "[f]ederal jurisdiction is proper where a claim brought in state court seeks to attack or undermine an order of a federal district court." *Id.* at 960. We further held that "federal jurisdiction . . . may also be found where a claim seeks to set aside a provision of a settlement agreement in a federal case." *Id.* However, we have since held that the Supreme Court's ruling in *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470 (1998), "calls into doubt the holding of *Baccus*." *Texas v. Real Parties in Interest*, 259 F.3d 387, 394 n.10 (5th Cir. 2001). We need not consider the extent to which *Baccus* is still good law in light of *Rivet* and *Syngenta Crop Protection*, however, because EMS's suit does not satisfy the

---

thereafter may assert jurisdiction over breach of settlement claims. *Kokkenon,* 511 U.S. at 380-81. However, that is not the situation here. EMS was never a party to the City v. CLECO litigation, never consented to the retention of jurisdiction, and EMS's breach-of-contract claims are not an effort to enforce compliance with the City v. CLECO settlement agreement. Rather, EMS filed a separate action alleging that the City breached contractual duties it owed EMS. Although EMS's claims are related to the City v. CLECO litigation, as explained, EMS's claims are part of a separate proceeding, and thus the court's retention of jurisdiction may not serve as a basis for removal under § 1441. The language in *Kokkenon* is not to the contrary.

requirements of *Baccus*. EMS does not seek to attack, unravel, or set aside any provision of the City v. CLECO settlement. Rather, EMS's suit concerns an independent contract dispute between the City and EMS. Accordingly, even assuming *arguendo* that *Baccus* retains its precedential value, the City has not met its burden of demonstrating that the facts here are sufficiently analogous to *Baccus*, and therefore *Baccus* cannot serve as a basis for removal or for denying EMS's motion to remand.

## CONCLUSION

Removal was improper because none of the claims in EMS's state court civil action satisfies either the federal question or diversity requirements of original jurisdiction. The district court's prior jurisdiction over the claims asserted in City v. CLECO, which are now dismissed, do not vest the district court with jurisdiction over EMS's claims. Moreover, regardless of how factually intertwined with EMS's suit, the district court's retention of jurisdiction over the post-settlement matters may not substitute for original jurisdiction for the purpose of supplemental jurisdiction under § 1367 or removal under § 1441, given that EMS's claims were not asserted in the same proceeding as the claims in City v. CLECO. Further, if *Baccus* retains any precedential value, it is distinguishable and inapposite here. Thus, the federal district court lacked jurisdiction over EMS's suit and erred in denying EMS's motion to remand. We therefore REVERSE the district court's denial of EMS's motion to remand and REMAND to the district court with instructions to remand the case to the Louisiana state court in which it was initially filed.