# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 13, 2020

Lyle W. Cayce
Clerk

No. 19-50857

Donald Zimmerman,

*Plaintiff—Appellant*,

*versus*

City of Austin, Texas,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC 1:15-CV-628

Before Dennis, Southwick, and Ho, *Circuit Judges*.
Leslie H. Southwick, *Circuit Judge*:

The plaintiff challenges the denial of his request for attorneys' fees incurred at trial and during the first appeal to this court. The defendant argues that the district court had no subject-matter jurisdiction over the fee request and, in the alternative, that the district court properly denied the request. We AFFIRM.

No. 19-50857

## FACTUAL AND PROCEDURAL BACKGROUND

At a July 2016 bench trial, former Austin city councilman Donald Zimmerman prevailed on some but not all of his First Amendment claims against the City of Austin, which he had brought under 42 U.S.C. § 1983. Zimmerman's Rule 59(e) motion to amend the judgment was denied in October 2016. He did not file a motion for attorneys' fees within the 14-day time period provided by Federal Rule of Civil Procedure 54(d). The parties filed cross-appeals. We affirmed the judgment of the district court but expressly did not decide the question of whether Zimmerman had waived his fee request. *See Zimmerman v. City of Austin*, 881 F.3d 378, 395–96 (5th Cir. 2018). We later denied Zimmerman's petition for rehearing *en banc*.

After our denial of rehearing, the district court granted the parties' "joint motion to defer disposition of attorney fee issues." The court entered an order that consideration of attorneys' fees, including issues of jurisdiction on remand and waiver, could be raised within 14 days of (1) a final disposition of the United States Supreme Court on petitions for *certiorari*, or (2) passage of the deadline for filing petitions for *certiorari* if they were not filed. Zimmerman filed a petition for *certiorari*, which was denied. *Zimmerman v. City of Austin*, 139 S. Ct. 639 (2018). Within 14 days of that denial, Zimmerman filed in the district court a motion requesting attorneys' fees incurred both at trial and on appeal pursuant to 42 U.S.C. § 1988(b).

The district court referred the fee request to a magistrate judge, who concluded that Zimmerman had waived his right to request any fees by not filing a request within Rule 54(d)'s 14-day time period. The district court adopted the magistrate judge's report and recommendation and denied Zimmerman's request. Zimmerman appealed.

No. 19-50857

## DISCUSSION

The City argues that the district court did not have subject-matter jurisdiction to decide Zimmerman's motion for fees. We first address jurisdiction. Finding it exists, we then discuss attorneys' fees.

### I.    *Subject-matter jurisdiction*

Though the parties did not raise this issue before the district court, questions of subject-matter jurisdiction cannot be forfeited or waived. *NFL Players Ass'n v. NFL*, 874 F.3d 222, 225 (5th Cir. 2017). Thus, "[f]ederal courts may examine the basis of jurisdiction *sua sponte*, even on appeal." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). Questions of subject-matter jurisdiction are reviewed *de novo*. *See NFL*, 874 F.3d at 225.

We examine here two different kinds of "ancillary" subject-matter jurisdiction, the first of which is statute based and the second of which is common–law based.

We have stated that 28 U.S.C. § 1367(a) "supplemental" jurisdiction is a codification of one type of "ancillary" jurisdiction that permits "disposition by a single court of claims that are, in varying respects and degrees, factually interdependent." *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 n.1 (5th Cir. 2014) (first quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379–80 (1994); then citing *Peacock v. Thomas*, 516 U.S. 349, 354 n.5 (1996)). According to the City, once judgment was entered on the initial merits claim, "the basis for the exercise of supplemental jurisdiction over a fee claim under § 1367(a) disappeared." Indeed, Section 1367 supplemental jurisdiction (*i.e.*, codified factually-interdependent-claim ancillary jurisdiction) "disappear[s] . . . after [an] original federal dispute is dismissed." *National City Golf Fin. v. Scott*, 899 F.3d 412, 416 (5th Cir. 2018). The *Scott* court relied on the following

3

Supreme Court analysis of codified ancillary-supplemental jurisdiction: "once judgment was entered in the original … suit, the [district court's] ability to resolve simultaneously intertwined issues vanished." *Id.* (quoting *Peacock*, 516 U.S. at 355). Further, "'neither the convenience of litigants nor considerations of judicial economy' can justify the extension of [codified-]ancillary jurisdiction over [a party's] claims in [a] subsequent proceeding." *Peacock*, 516 U.S. at 355 (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978)). The City argues that this means the district court did not have supplemental jurisdiction to decide Zimmerman's fee request. Zimmerman recognizes Section 1367 supplemental subject-matter jurisdiction, but he does not argue it supported his fee request.

Zimmerman's fee request was not "factually interdependent," *Energy Mgmt. Servs.*, 739 F.3d at 257 n.1, or "factually intertwined," *Peacock*, 516 U.S. at 355, with his underlying merits claims. "[A] request for attorney's fees under § 1988 raises legal issues collateral to the main cause of action" and "supplemental to the original proceeding." *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 451 & n.13 (1982) (quoting *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 170 (1939)). The question of which party is entitled to fees under Section 1988 "require[s] an inquiry separate from the decision on the merits" and "is uniquely separable from the cause of action to be proved at trial." *Id.* at 451–52. Consequently, Section 1367 supplemental jurisdiction would not extend to a Section 1988 fee request. Regardless, any such jurisdiction would have "disappear[ed]" with entry of judgment. *Scott*, 899 F.3d at 416 (citing *Peacock*, 516 U.S. at 355).

A second type of ancillary jurisdiction is one that "enable[s] a court to function successfully," *i.e.*, "to manage its proceedings, vindicate its authority, and effectuate its decrees." *Energy Mgmt. Servs.*, 739 F.3d at 257 n.1 (quoting *Kokkonen*, 511 U.S. at 379–80). It is uncodified, but it "remains a viable doctrine of ancillary jurisdiction and is often referred to as 'ancillary

enforcement jurisdiction.'" *Id.* (quoting *Peacock*, 516 U.S. at 356). "This form of jurisdiction developed in case law as 'ancillary' or 'ancillary enforcement' jurisdiction. It seems clear that § 1367 does not apply to this form of jurisdiction." 13 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3523.2 (3d ed. 1998). Proceedings concerning attorneys' fees for a case that invoked federal subject-matter jurisdiction are supported by this uncodified ancillary jurisdiction. *Id.* "The court's enforcement authority extends to 'collateral issues,' things like fees, costs, contempt, and sanctions." *Scott*, 899 F.3d at 416.

The City argues there was no ancillary enforcement jurisdiction over Zimmerman's fee request because neither Zimmerman nor the district court "linked" the fee request to the merits claim. The City analogizes a case where the parties had entered a settlement agreement and filed a stipulation of dismissal with prejudice under Federal Rule of Civil Procedure 41(a). *Kokkonen*, 511 U.S. at 376–77. Though neither the stipulation nor the dismissal order incorporated the settlement, the district court entered a later order to enforce the settlement agreement, *id.* at 377, apparently relying on the "second head" of ancillary jurisdiction, *id.* at 380. The Supreme Court reversed because the enforcement was "quite remote from what courts require in order to perform their functions," *id.*, and "more than just a continuation or renewal of the dismissed suit, and hence require[d] its own basis for jurisdiction." *Id.* at 378.

According to the City, the facts here are like *Kokkonen* because the stipulation and the dismissal order there were not "linked" to the settlement agreement, and thus enforcement required its own independent basis of jurisdiction. Consequently, there was no ancillary enforcement jurisdiction in *Kokkonen*. The City argues there is none here either.

Zimmerman replies that it was this "second type of ancillary jurisdiction" that supported his fee claim. He contends that *Kokkonen* is inapposite because it was based on distinguishable facts. The *Kokkonen* respondent had sought to enforce a settlement agreement, which was a "claim for breach of contract, part of the consideration for which was dismissal of an earlier federal suit." *Kokkonen*, 511 U.S. at 381. Zimmerman also quotes a Ninth Circuit opinion that "a district court's ancillary jurisdiction over an attorney's fee dispute is inherent and broader than its ancillary jurisdiction to enforce a settlement agreement." *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 968 (9th Cir. 2014).

Ancillary enforcement jurisdiction extends to fees, but it does not extend to enforcement of a settlement that prompted a Rule 41(a) dismissal unless the parties' Rule 41 stipulation "expressly manifest[s] their intent that dismissal be contingent upon a future act (such as the district court's issuing an order retaining jurisdiction)." *Scott*, 899 F.3d at 416–17 (quotation marks omitted). This means that *Kokkonen* does not control here. The district court's ancillary enforcement jurisdiction supports the fee claim regardless of the maintenance of the original action. Even if a court loses jurisdiction over the litigation, it maintains its "inherent supervisory powers." *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010). Thus, "'a federal court may consider collateral issues after an action is no longer pending,' including 'the imposition of costs [and] attorney's fees.'" *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291–92 (5th Cir. 2016) (quoting *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 396 (1990)). The failure to raise the issue of attorneys' fees in the district court after trial — thereby keeping it from being an issue before us on the first appeal — did not preclude the district court from having jurisdiction to rule on such a motion. *See United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 764 (5th Cir. 1996). Ultimately, the district court's ancillary enforcement jurisdiction covered the "collateral issue" of

No. 19-50857

Zimmerman's attorney fee request. *See Qureshi*, 600 F.3d at 525 (quoting *Cooter & Gell*, 496 U.S. at 395).

## II.    *Attorneys' fees*

In considering whether the district court erred in denying Zimmerman's fee request, we first review the request for fees incurred at trial, then the request for fees incurred during the first appeal to this court.

### A.    *Fees incurred at trial*

Federal Rule of Civil Procedure 54(d)(2) addresses claims for attorney's fees and costs:

> **(A)** *Claim to Be by Motion.*  A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
>
> **(B)** *Timing and Contents of the Motion.*  Unless a statute or a court order provides otherwise, the motion must:
>
> > **(i)** be filed no later than 14 days after the entry of judgment;
> >
> > **(ii)** specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
> >
> > **(iii)** state the amount sought or provide a fair estimate of it; and
> >
> > **(iv)** disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

FED. R. CIV. P. 54(d)(2)(A)–(B).  A new 14-day deadline "for filing will automatically begin if a new judgment is entered following a reversal or remand by the appellate court or the granting of a motion under Rule 59." FED. R. CIV. P. 54 advisory committee's note to 1993 amendment.

"Judgment" is defined as "a decree and any order from which an appeal lies." FED. R. CIV. P. 54(a).

Zimmerman recognizes that his Rule 59(e) motion was denied on October 26, 2016, making a motion for attorneys' fees due by November 9, 2016. He says that there is flexibility on timing, though, because the Western District of Texas Local Rules give district courts discretion to find his fee request to have been timely, and that the district court did not sufficiently explain why denying his request was necessary or appropriate. The referenced local rule provides:

> (1) . . . [A] claim for fees shall be made by motion not later than 14 days after entry of judgment pursuant to Federal Rule of Civil Procedure 54(d)(2) and pursuant to the following provisions. . . . The motion shall include a supporting document organized chronologically by activity or project, listing attorney name, date, and hours expended on the particular activity or project, as well as an affidavit certifying (1) that the hours expended were actually expended on the topics stated, and (2) that the hours expended and rate claimed were reasonable. . . .
>
> . . .
>
> (3) A motion for award of attorney's fees filed beyond the 14-day period may be deemed untimely and a waiver of entitlement to fees.

W.D. TEX. CIV. R. 7(j). According to Zimmerman, because this rule states that a late-filed motion "*may* be deemed untimely," the district court had discretion to grant his motion but erred in failing to consider (1) Zimmerman's misled "effort to preserve judicial and party resources" (*i.e.*, waiting to file his request until after the appeal was resolved), and (2) the lack of prejudice to the City if the motion were granted.

Zimmerman concedes that he did not file a motion for attorneys' fees within the 14-day time period provided by Rule 54(d), and that this was a

mistake with regard to the fees incurred at trial. "This failure to file within the allotted period serves as a waiver of [his] claim for attorneys' fees." *United Indus.*, 91 F.3d at 766. Even if the district court had discretion to excuse the delay in filing, and we do not hold it did, no error occurred by failing to exercise the discretion. Zimmerman waived his right to request fees incurred at trial.

### B.     Fees incurred on appeal

"The routine allocation of appellate costs" under Federal Rule of Appellate Procedure 39 is distinct from the recovery of attorneys' fees. *Sciambra v. Graham News*, 892 F.2d 411, 414 (5th Cir. 1990). Our judgment from the first appeal ordering each party to bear its own costs has no relevance to the issue of attorneys' fees incurred during that appeal.

The City argues that because Rule 54(d)(2) requires a movant to "state the amount sought or provide a fair estimate of it," Zimmerman could have met the 14-day deadline by filing a prospective request for appellate fees in the district court, accompanied by some estimate of what his fees would be on appeal. As Zimmerman discusses, though, the applicable Western District of Texas Local Rule precludes this option; it requires fee requests to "include a supporting document organized chronologically by activity or project, listing attorney name, date, and hours expended on the particular activity or project, as well as an affidavit certifying (1) that the hours expended were actually expended on the topics stated, and (2) that the hours expended and rate claimed were reasonable." W.D. TEX. CIV. R. 7(j). Zimmerman could not have complied with this requirement by filing a prospective request with mere estimates of future fees.

Caselaw in this court is the relevant authority for analyzing how parties may seek attorneys' fees incurred on appeal. We have held that this issue may properly be raised before us, even if only "raised on appeal and not considered below." *Marston v. Red River Levee & Drainage Dist.*, 632 F.2d

466, 467 (5th Cir. 1980). The rules of this court anticipate that such requests will be made and outline the documentation required to support such a request. 5TH CIR. R. 47.8. Although we have the authority to award such fees, "[o]ur preferred procedure is to remand for the determination of the amount of such an award." *Marston*, 632 F.2d at 468. We have employed this preferred procedure quite recently. *See Hill v. Washburne*, 953 F.3d 296, 310–11 (5th Cir. 2020) (citing *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 433 (5th Cir. 2003)). We have also recognized that "[t]he issue of appellate attorney's fees is a matter for the district court following the resolution of an appeal." *Instone*, 334 F.3d at 433.

In conclusion, the district court did not err when it denied Zimmerman's request for fees incurred on appeal. Zimmerman made no request within the 14-day time period after the district court entered its initial judgment. There also was no new judgment entered following a reversal or remand from this court because this court affirmed the district court's initial judgment in full. In the initial appeal, Zimmerman could have filed a petition or motion in this court requesting such fees, accompanied by supporting documentation pursuant to Local Rule 47.8, but he did not.

We indicate no opinion as to merit or timeliness should Zimmerman later file in this court a request for fees incurred during his first or the present appeal.

AFFIRMED.