# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2021

Lyle W. Cayce
Clerk

No. 21-50004
Summary Calendar

Sara L. Roberts,

*Plaintiff—Appellant*,

*versus*

Brinkerhoff Inspection, Incorporated, *doing business as* SMOB,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:16-CV-342

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

The district court in this case denied a motion for appellate attorney's fees. For the reasons that follow, we AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50004

## I.

Plaintiff-appellant Sara L. Roberts sued defendant-appellee Brinkerhoff Inspection, Inc., ("SMOB") for violations of several civil rights statutes. A jury returned a verdict in Roberts's favor on all counts, and, accordingly, Roberts was awarded backpay and damages. Contemporaneously, the district court granted a motion for attorney's fees related to trial counsel's work. A final judgment was entered in this case on June 22, 2018.

SMOB then filed a motion for new trial, which the district court denied on February 15, 2019. SMOB appealed, and we affirmed the district court. In doing so, we ordered SMOB to bear the costs of the appeal but made no mention of attorney's fees. Once the appeal was finalized, Roberts returned to the district court and filed a second motion for appellate attorney's fees on April 7, 2020. The district court denied that motion. Roberts timely appeals.

## II.

An award of attorney's fees by the district court is generally reviewed for abuse of discretion. *See Gen. Elec. Credit Corp. v. The Oil Screw Triton, VI*, 712 F.2d 991, 995 (5th Cir. 1983). The issue of appellate attorney's fees is a matter for the district court on remand following the resolution of the underlying appeal. *See Penton v. Am. Bankers Ins. Co. of Fla.*, 115 F. App'x 685, 687 (5th Cir. 2004) (citing *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 433 (5th Cir. 2003)).

## III.

There are two ways for a successful party to petition for an award of appellate fees. First, a party may move under Rule 54 of the Federal Rules of Civil Procedure in the district court. Second, a party may move or petition

2

No. 21-50004

this court under Fifth Circuit Local Rule 47.8. *See 9503 Middlex, Inc. v. Cont'l Motors, Inc.*, 834 F. App'x 865, 875 (5th Cir. 2020) (explaining as much).

As the district court aptly recognized, Roberts's second request for attorney's fees did not comply with Rule 54's requirements. First, she did not make the request within fourteen days after the district court entered final judgment following the trial. *See* FED. R. CIV. P. 54(d)(1)(B)(i). Second, the district court had no occasion to enter a new judgment following our order affirming the final judgment in full. And, absent a new judgment, a new period for requesting fees did not begin after we affirmed. *See* FED. R. CIV. P. 54 advisory committee's note to 1993 amendment. Accordingly, the district court correctly concluded that Roberts's motion under Rule 54 was untimely, and Rule 54 could not serve as a vehicle for awarding appellate attorney's fees in this case. *See Zimmerman v. City of Austin, Tex.*, No. 15-628, 2019 WL 2712265, at *4 (W.D. Tex. June 28, 2019), *aff'd*, 969 F.3d 564 (5th Cir. 2020) ("As with his trial-level fees, Zimmerman did not meet Rule 54's 14-day time limit to request appellate attorney's fees after the trial court's judgment.").

This then leaves Fifth Circuit Local Rule 47.8 and the fact that Roberts could have moved or petitioned this court to remand the issue of appellate attorney's fees for the district court to consider, following the resolution of the underlying appeal. *See 9503 Middlex, Inc.*, 834 F. App'x at 875. Although Roberts did file such a motion, she withdrew the request before we addressed it.[1] As a consequence, the only remaining basis on which

---

[1] To be precise, Roberts filed a Motion to Remand Consideration of Appellate Attorneys' Fees to District Court on March 20, 2020. According to Roberts, "[a]t the suggestion of the Clerk's Office," she requested that the motion be withdrawn.

No. 21-50004

the district court might have properly awarded appellate attorney's fees was similarly foreclosed.[2]

Thus, left with no proper procedural avenues by which to consider the request before it, the district court correctly denied Roberts's motion for an award of appellate attorney's fees. Doing so was not an abuse of discretion. We AFFIRM.

---

[2] "Our judgment from the first appeal ordering each party to bear its own costs has no relevance to the issue of attorney's fees incurred during that appeal." *Zimmerman*, 969 F.3d at 570.