# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2024

Lyle W. Cayce
Clerk

————————

No. 23-30429

————————

Kendra Greenwald,

*Plaintiff—Appellee*,

*versus*

Elizabeth Murrill; Chris Eskew; James M. LeBlanc;
Robert P. Hodges,

*Defendants—Appellants*.

————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-2371

————————————————————

Before King, Ho, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

This case involves the repeated arrest of Kendra Greenwald for her continual failure to abide by Louisiana's Sex Offender Registration and Notification Act ("SORNA"). Greenwald filed suit against several state and city officials in their official capacities, alleging violations of her constitutional rights. The district court dismissed all claims except the

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

substantive due process claim against the State Defendants. These State Defendants appeal the denial of their motion to dismiss, arguing that sovereign immunity bars Greenwald's claims, that the *Ex parte Young* exception does not apply, and that Greenwald's claims are *Heck*-barred. However, we decline to reach the merits of the State Defendants' appeal because we find that we lack jurisdiction to hear an appeal from a superseded original complaint. For the following reasons, we DISMISS AS MOOT the State Defendants' appeal.

## I. Factual Background

On July 12, 2012, Kendra Greenwald was convicted of carnal knowledge of a juvenile and sentenced to two years' probation. Because this conviction is a qualifying sex offense, Greenwald is required to follow the registration requirements laid out in SORNA. SORNA requires those persons convicted of a qualifying sex offense to, among other things, register with the sheriff's office for the parish in which the person resides, provide information such as name and phone numbers to the appropriate law enforcement agencies, and notify law enforcement of any change in address or parish residence. *See generally* La. Stat. Ann. § 15:542–15:542.1.3.

Greenwald violated SORNA less than two months after her sentencing when she failed to pay the required fees and submit monthly supervision reports, missed an office appointment, and failed to complete the registration requirements. The state court revoked her probation, and Greenwald served the remainder of her sentence in prison. About four months after completing her sentence, Greenwald again violated SORNA and was arrested for failure to follow registration requirements. She pleaded guilty to the charges against her on May 2, 2014, and was sentenced to eighteen months' probation.

No. 23-30429

Greenwald asserts that she has a seizure disorder and mental disabilities that prevent her from complying with SORNA's requirements. Prior to her conviction in 2012, Greenwald's attorneys challenged her competency to stand trial. After six months of "competency restoration," the court found that Greenwald was competent to stand trial, and her July 2012 conviction followed. However, Greenwald alleges that her seizure disorder has since become "much more severe." Based on her below-average mental capabilities, Greenwald asserts that she could not comply with SORNA's requirements, leading to multiple arrests for her failure to register as mandated. Greenwald was arrested for a third time in Orleans Parish on January 22, 2015. The Orleans Parish District Attorney declined to press charges. Greenwald was then arrested for a fourth time in Orleans Parish on June 29, 2015. Thereafter, Greenwald's court-appointed defender requested another competency hearing, and the court ordered an evaluation. The court found her incompetent to stand trial and again ordered competency restoration. On September 2, 2015, the court released Greenwald on her own recognizance, and the criminal charge for failure to register remained pending against her. On October 28, 2015, the court held another competency hearing, after which the court found Greenwald incompetent to stand trial.

After Greenwald was declared incompetent, she was arrested in Orleans Parish for a fifth time on February 17, 2016, and for a sixth time on June 15, 2017. Following these two arrests, on June 23, 2017, the state court found Greenwald to be an "unrestorable incompetent." *See* La. Code Crim. Proc. Ann. art. 648(B) (explaining procedure where the court finds that "the defendant will not attain the capacity to proceed with [her] trial in the foreseeable future"). On October 24, 2017, Greenwald was arrested for the seventh and final time in Jefferson Parish for failure to register under SORNA.

No. 23-30429

## II. Procedural Background

In October 2021, Greenwald filed suit in the Middle District of Louisiana against Jeff Landry, Attorney General of Louisiana; James LeBlanc, Secretary of the Louisiana Department of Public Safety and Corrections; Kevin Reeves, Superintendent of the Louisiana State Police ("LSP"); Layne Barnum, Deputy Superintendent of LSP; Latoya Cantrell, Mayor of New Orleans; and Shaun Ferguson, Superintendent of the New Orleans Police Department. These defendants can be divided into two groups: the State Defendants (Landry, LeBlanc, Reeves, and Barnum, who serve the State of Louisiana)[1] and the City Defendants (Cantrell and Ferguson, who serve the City of New Orleans). Greenwald asserted against all defendants violations of her procedural and substantive due process rights, as well as a claim under the Eighth Amendment alleging cruel and unusual punishment. Greenwald requested a declaration that her constitutional rights were violated, an injunction preventing future arrest, and money damages.

Upon the State Defendants' motion, the Middle District transferred the case to the Eastern District of Louisiana. On June 5, 2023, the district court in the Eastern District granted the City Defendants' motion to dismiss all claims against them. The district court also granted the State Defendants' motion to dismiss all claims except for the substantive due process claim. Finally, the district court granted Greenwald leave to amend her complaint

---

[1] There have been several party substitutions for the State Defendants because new individuals now fill these roles. Elizabeth Murrill has been substituted as Attorney General in place of Jeff Landry, and Chris Eskew has been substituted in place of Layne Barnum as Deputy Superintendent. Lamar Davis replaced Kevin Reeves as Superintendent, and Davis was subsequently replaced by Robert Hodges.

within twenty days "to the extent that she can remedy the deficiencies identified herein."

On June 23, 2023, Greenwald timely filed an amended complaint.[2] Thereafter, on June 29, 2023, the State Defendants filed a notice of appeal challenging the district court's denial of their motion to dismiss the substantive due process claim as pleaded in Greenwald's original complaint.

### III. Mootness

"Mootness is related to the constitutional prohibition against exercising jurisdiction absent a case or controversy." *New Orleans Ass'n of Cemetery Tour Guides & Cos. v. New Orleans Archdiocesan Cemeteries*, 56 F.4th 1026, 1033 (5th Cir. 2023) (citing U.S. Const. art. III, § 2, cl. 1). "[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). "Because a moot case does not affect the rights of its litigants, *i.e.*, there is no case or controversy, it is beyond the purview of a federal court to decide." *New Orleans Ass'n of Cemetery Tour Guides & Cos.*, 56 F.4th at 1033. "Events both before and after the filing of a claim may render a claimant's case moot" because the controversy posed must be present throughout the entirety of the litigation. *Baccus v. Parrish*, 45 F.3d 958, 961 (5th Cir. 1995).

In *New Orleans Ass'n of Cemetery Tour Guides & Companies v. New Orleans Archdiocesan Cemeteries*, this court held that an appeal was moot because the underlying complaint had been superseded by an amended complaint. 56 F.4th at 1033–34. There, the court held that the plaintiff's first

---

[2] The State Defendants have since filed a motion to strike Greenwald's amended complaint in the district court. This procedural posture reaffirms our decision to dismiss the current appeal as moot and remand to the district court for further proceedings.

amended complaint was "a legal nullity because it was not incorporated by the subsequent second amended complaint." *Id.* at 1033. "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *Id.* (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam)). And, we held, "incorporation by reference must be 'with a degree of specificity and clarity which would enable the responding party to easily determine the nature and extent of the incorporation.'" *Id.* (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1176 (5th Cir. 2006)). Because the plaintiff's amended complaint did not mention, "much less successfully incorporate," the earlier complaint, the earlier complaint had no legal effect. *Id.* As a result, we could not consider an appeal stemming from that earlier complaint. *Id.* at 1034.

We reach the same conclusion here. In Greenwald's Rule 28(j) letter, she asserts that her first amended complaint "did not incorporate the original complaint" but rather restated her allegations anew. Greenwald further argues that this appeal "was taken from a null pleading" and therefore the Court lacks jurisdiction. We agree. Because Greenwald filed an amended complaint that did not specifically incorporate her original complaint, the original complaint is now a legal nullity. *See Falck N. Cal. Corp. v. Scott Griffith Collaborative Sols., LLC*, 25 F.4th 763, 766 (9th Cir. 2022) (holding that "the complaint challenged on appeal is a legal nullity even if much like the operative complaint" and therefore the appeal is moot). We cannot entertain an appeal arising out of the original complaint where the State Defendants' appeal wholly concerns claims raised in the original complaint,

especially where Greenwald made substantive changes to her claims in the amended complaint.[3] We therefore lack jurisdiction to hear this appeal.

**IV. Conclusion**

Accordingly, we DISMISS AS MOOT the State Defendants' appeal.

---

[3] As noted by the State Defendants in their own Rule 28(j) letter, our decision today does not prevent the State Defendants from re-raising their sovereign immunity arguments in a subsequent motion to dismiss the amended—and sole legally operative—complaint.